OPINION OF THE COURT
Gabrielli, J.
Defendant James Lomax was arrested on March 23, 1977 and charged with having stolen certain tangible personal property at knifepoint. He was arraigned within 24 hours of the arrest, and on March 28, 1977, a Grand Jury handed up an indictment charging him with several counts of robbery in the first degree, grand larceny in the third degree and criminal possession of a weapon in the fourth degree. On March 29, defendant was arraigned on the indictment. Some nine and a half months later, on January 3, 1978, defendant’s motion to dismiss the indictment on the ground that he had been deprived of his right to a speedy trial (CPL 30.20, 30.30) was summarily denied without an evidentiary hearing. His subsequent trial terminated inconclusively when the jury reported itself unable to agree upon a verdict and a mistrial was declared. Shortly thereafter, defendant pleaded guilty to a reduced charge of attempted robbery in the third degree.
On this appeal from the judgment of conviction entered upon the plea, which judgment was affirmed by a unanimous Appellate Division panel, defendant contends that the trial court’s denial of his speedy trial motion was improper and that, consequently, he is entitled to a reversal of the judgment.[1] Our view of the facts and circumstances below, how *355 ever, leads us to a contrary conclusion. Accordingly, we hold that the judgment of conviction should be affirmed.
Our decision is based primarily upon the recitation of facts contained within the sworn affidavit submitted by defense counsel in support of the speedy trial motion. In this affidavit, counsel noted that the original indictment of March 28, 1977 had been dismissed on June 14 as a result of a motion made by defense counsel under CPL 210.30. The District Attorney had been granted leave to resubmit (see CPL 210.45, subd 9), however, and on June 23, 1977, a new indictment encompassing the same criminal charges was handed up, whereupon defendant was again arraigned. Toward the end of September, 1977, according to defendant’s affidavit, a hearing was held upon a second defense motion requesting, among other relief, an inspection of the minutes of the second Grand Jury’s deliberations, but the trial court’s final decision rejecting defendant’s request was not announced until November 2. Finally, the affidavit stated, although defendant appeared on December 8, 1977 for his scheduled trial, a three-week adjournment was granted in order to accommodate the District Attorney, whose chief witnesses were vacationing out of the State.
In the present appeal, defendant contends that the foregoing information, presented to the Trial Judge in affidavit form, was in itself sufficient to warrant dismissal of the indictment under CPL 30.30, particularly in view of the fact that the People did not in any way attempt to controvert his factual allegations. At the very least, defendant argues, the trial court should have conducted a hearing to ascertain whether the speedy trial claim asserted in defendant’s motion papers had any factual or legal merit. Because we find that defendant’s motion papers were inadequate on their face, however, we conclude that the trial court acted within the scope of its discretionary authority when it summarily denied the motion and directed the parties to proceed to trial.
Preliminarily, we note that the starting point for our analysis of defendant’s speedy trial claim must be March 24, 1977, the date upon which defendant was first arraigned and the first accusatory instrument in the criminal proceeding *356 presumably was filed. This conclusion flows directly from the language of CPL 30.30 (subd 1, par [a]), which provides that, in felony cases, the People must be ready for trial within six months of "the commencement of a criminal action”. Under the carefully structured definitional provisions of the Criminal Procedure Law, "[a] criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed” (CPL 1.20, subd 17; see 100.05). As we interpret this language, there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action. This is so even in cases such as this, where the original accusatory instrument was dismissed outright and the defendant was subsequently haled into court under an entirely new indictment. Indeed, the notion that the continuity of a criminal action remains intact, even through the issuance of successive indictments, is supported by the provisions of CPL 210.20 (subd 4), which permits the District Attorney to seek a new indictment after the first indictment has been dismissed, but only upon the direction of the trial court (cf. CPL 190.75, subd 3).
Obviously, if there can be only one criminal action for any given set of charges, there also can be only one date which marks the "commencement” of the action, the date on which the first accusatory paper is filed. Thus, in the present case, the criminal action must be deemed to have been commenced for purposes of CPL 30.30 on the date when the original felony complaint was filed, March 24, 1977, and not on June 23, when the second indictment was returned.
Nevertheless, although more than six months had elapsed since that date without a statement of readiness by the People (see People v Hamilton, 46 NY2d 932), it cannot be said on the basis of the present record that defendant was entitled to a dismissal of the charges against him pursuant to CPL 30.30. The rules for determining pretrial dismissal motions such as that made by defendant are set forth in CPL 210.45. Under that section, a motion to dismiss an indictment must be granted on the motion papers and without a further evidentiary hearing if "(a) [t]he moving papers allege a ground constituting legal basis for the motion * * *; and (b) [s]uch *357 ground, if based upon the existence or occurrence of facts, is supported by sworn allegations of all facts essential to support the motion; and (c) [t]he sworn allegations of fact essential to support the motion are either conceded by the [P]eople to be true or are conclusively substantiated by unquestionable documentary proof’ (CPL 210.45, subd 4).
Applying this provision in the speedy trial context, we have held that where a defendant moves to dismiss on the grounds specified in CPL 30.30 and includes in his moving papers sworn allegations that there has been an unexcused period of delay in excess of the statutory maximum, the motion must be granted summarily unless the People in some way controvert the factual basis for the motion (People v Gruden, 42 NY2d 214; cf. People v Weaver, 49 NY2d 1012; People v Dean, 45 NY2d 651). In the present case, however, a slightly different analysis must be applied, since the factual allegations in defendant’s moving papers did not on their face indicate a clear entitlement to a dismissal of the charges under CPL 30.30.
Specifically, defendant’s papers contained averments which indicated that there were several periods of time following his first arraignment during which the criminal action against him was delayed due to pretrial motions that had been made by the defense. Under the clear language of CPL 30.30 (subd 4, par [a]), such periods would generally be excluded from the total time within which the People are required by statute to become ready to proceed to trial. Unfortunately, it was impossible for the Trial Judge who heard defendant’s motion to ascertain from the submitted papers the extent to which the People’s failure to be ready within the statutory time period was attributable to the delays resulting from defendant’s prior motions, since defendant’s papers did not specify the dates upon which the earlier motions had been made, and the Trial Judge was therefore left without a means to compute the relevant excludable periods. In other words, having himself shown that some portion of the delay in the People’s readiness for trial was "excusable” under the terms of the statute, defendant then neglected to demonstrate that there remained a sufficient "unexcused” period of delay to warrant a dismissal of the charges under CPL 30.30 (subd 1, par [a]). Hence, through the averments in his motion papers, defendant effectively brought himself within the terms of CPL 210.45 (subd 5), which gives the trial court discretionary authority to deny *358 a dismissal motion summarily if "(a) [t]he moving papers do not allege any ground constituting legal basis for the motion * * *; or (b) [t]he motion is based upon the existence or occurrence of facts, and the moving papers do not contain sworn allegations supporting all the essential facts”. Accordingly, under the circumstances presented in this case, we cannot say that the trial court’s decision to deny defendant’s statutory speedy trial motion without a full evidentiary hearing was improper.[2]
Similarly, it was not error for the Trial Judge summarily to reject defendant’s general speedy trial claim (see US Const, 6th and 14th Arndts; CPL 30.20; Civil Rights Law, § 12), since the allegations in his motion papers did not spell out a legal basis for relief. As we have noted on several previous occasions, "the assertion by the accused of his right to a speedy trial requires the court to examine the claim in light of the particular factors attending the specific case” (People v Taranovich, 37 NY2d 442, 445; see People v Dean, 45 NY2d 651, supra; People v Staley, 41 NY2d 789; People v Johnson, 38 NY2d 271; see, also, People v Prosser, 309 NY 353, 360). Here, a balancing of the relevant factors suggests that a dismissal of the charges would not have been warranted. While it is true that defendant was incarcerated during the entire period which preceded his trial, the nine and one-half month delay following his arraignment cannot be considered excessive, particularly when it is recalled that a substantial portion of the delay was occasioned by motions made in defendant’s behalf. Moreover, in light of the seriousness of the crimes with which defendant was charged, it was perfectly understandable that the District Attorney would want to proceed "with far more caution and deliberation than he would expend on a relatively minor offense” (People v Taranovich, supra, at p 446). Finally, although two of defendant’s five alibi witnesses did become unavailable due to death or illness *359 before the trial commenced, it cannot be said that the resulting prejudice to defendant’s interests, if any, was the product of any dilatory conduct of State officials, since a substantial portion of the delay was attributable to defendant himself. We note also that, in both instances, the two witnesses became unavailable during the time when defendant himself was not ready to proceed to trial. In summary, having weighed the various elements implicit in defendant’s general speedy trial claim, we conclude that the claim was without serious merit and was therefore properly rejected.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

. The People have not asked this court to consider the possibility that defendant’s guilty plea constituted a waiver of any right he may have had to have the charges *355 against him dismissed pursuant to CPL 30.30 (subd 1, par [a]) (see People v Brothers, 50 NY2d 413,418). Hence, we have no occasion to address the question in the instant appeal, and our discussion in this case should in no way be construed as a tacit rejection of this possibility.

. Additionally, although the observation is not necessary to our holding, we note that our own computations, made on the basis of dates and time periods conceded in defendant’s briefs, lead us to the conclusion that defendant could not have succeeded in obtaining a dismissal of the charges, even if he had been afforded a full evidentiary hearing. This is so because less than six of the nine and one-half months that intervened between the time defendant was arraigned and the time his trial was commenced may be considered a period of delay attributable to the People under CPL 30.30; the remainder of the time was clearly the result of "other proceedings” initiated at the behest of defendant and thus may be considered "excludable” time pursuant to CPL 30.30 (subd 4, par [a]).