OPINION OF THE COURT
Marie G. Santagata, J.
The defendant Steven Boggio moves for an order dismissing the indictment on the grounds that he had been denied a speedy trial.
Both counts of this indictment result from information obtained through authorized eavesdropping warrants during the course of a gambling investigation which monitored telephonic communications between October 11, 1979 to December 6, 1979.
A felony complaint which was filed in early December, 1979, charging defendant with one count of promoting gambling in the first degree, alleged to have occurred on October 20, 1979, was dismissed in District Court on May 5, 1980.
This indictment was returned on October 17, 1980. It charges the defendant with a first count of promoting gambling in the first degree involving the incident of *318 October 20, 1979, that was the subject of the felony complaint and a second count of promoting gambling in the second degree, involving an incident on November 4,1979.
The question before this court, one of first impression, is whether the indictment should be dismissed because the District Attorney was not ready for trial on the first count within six months of the filing of the felony complaint.
CPL 1.20 (subd 17) provides that “[a] criminal action is commenced by the filing of an accusatory instrument *** and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed.” CPL 30.30 (subd 1, par [a]) provides that a defendant’s motion to dismiss must be granted where the District Attorney is not ready for trial within six months of the commencement of a criminal action (the so-called “ready rule”).
The District Attorney concedes that count one of this indictment must be dismissed because of his failure to be ready for trial within six months of the filing of the felony complaint. He contends, however, that count two was commenced upon the filing of the indictment since the felony complaint did not set forth the incident of November 4, 1979.
In two recent cases, the Court of Appeals discussed the purpose of the six-month “ready rule” prescribed in CPL 30.30. Although they do not deal with this specific issue, the rationale of those cases is instructive here. In People v Lomax (50 NY2d 351, 356) the court stated that the ready rule contemplates that “there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action.” Further, in People v Osgood (52 NY2d 37, 43-44) the court held that the definition of criminal action (CPL 1.20, subd 16) includes “all further accusatory instruments directly derived from the initial one” and the phrase “directly derived” should be given its ordinary meaning, that is, “traced to” or “originate[d from]”.
*319 In this case, both counts of the indictment resulted from one investigation, and originated from the same wiretaps. Accordingly, both counts can be traced to the filing of the original felony complaint. To find that count two represents a “new crime”, is to circumvent the purpose of the statutory “ready rule”. (See People v Colon, 76 AD2d 805.) Indeed in People v Osgood (supra, p 42) the Court of Appeals, in reviewing the legislative intent of the “ready rule”, used language that often supports the broader due process right to a speedy trial, i.e., the right of a defendant to a speedy disposition to minimize his anxiety and relieve him of public suspicion. (For comparison with discussion of due process speedy trial rights see People v Singer, 44 NY2d 241, 252.)
The fact that the District Attorney did not analyze the “mass of tape recordings” which were in his possession until the Grand Jury presentment does not constitute “exceptional circumstances” that toll the ready rule. (CPL 30.30, subd 4, par [g]; see People v Washington, 43 NY2d 772.)
Accordingly, the defendant’s motion is granted and the indictment is dismissed.