OPINION OF THE COURT
Nicholas A. Clemente, J.
On November 6, 1981, defendant Blue moved to dismiss the indictment against him on the grounds that he had *384 been denied a speedy trial pursuant to CPL 30.20 and 30.30 and the Sixth Amendment to the United States Constitution. The other defendants, except for Ruff, formally joinéd Blue’s request for relief by motions returnable February 23, 1982. Ruff finally joined by motion returnable April 7, 1982.
The birthdate by which we measure the age of this criminal action against the defendants Blue, Ruff, Pringle and Jones is November 20, 1980 when felony complaints were filed against them (People v Lomax, 50 NY2d 351; CPL 30.30, subd 1, par [a]). A 32-count indictment followed on November 25, 1980 charging the defendants with various crimes against a Sharon Lamont and a Maria Ortiz (except for the final three counts of the indictment which concern firearms various defendants are alleged to have possessed). The criminal action as to the other defendant, Paul White, was commenced by the filing of a felony complaint on December 14, 1980. It was followed by an indictment filed on December 18, 1980. This six-count indictment named only Sharon Lamont as a victim.[1]
Since the motion papers and the answering affirmations raised issues of fact, a hearing was ordered. Testimony was presented and exhibits introduced on March 29, 1982 and April 27, 1982. It was established that of the main witnesses, Sharon Lamont is now in a foreign jurisdiction and might be available upon a month’s notice while Maria Ortiz had disappeared. A third possible witness was George Miller, whose whereabouts were also not known to the People’s investigator and whose testimony was so peripheral that it could neither support any of the counts dealing with Sharon Lamont nor many counts concerning Maria Ortiz.
There is reason to believe that after Maria Ortiz testified before the Grand Jury on November 21, 1980, the District Attorney lost contact with her. This conclusion follows from the fact that although there was a “Paul” mentioned in her Grand Jury testimony relating to the other defen *385 dants, she did not testify in the case against Paul White, who was indicted upon other testimony given on December 17, 1980.
Thus it would seem that as early as that date the whereabouts of Maria Ortiz were unknown to the District Attorney. Nevertheless, on February 17, 1981 the People moved for an order, based upon an accompanying affirmation, requiring Paul White to participate in an identification lineup for the benefit of Maria Ortiz. The order was granted and the defendant White appeared at the District Attorney’s office several times but the lineup was never conducted. In fact, the testimony of the People’s investigator shows that on June 18, 1981 the District Attorney’s investigator commenced his last efforts to locate Maria Ortiz. On July 15, 29, and 31, 1981 the investigator again unsuccessfully tried to find Ortiz. No further efforts were made after September 24, 1981. Accordingly, what becomes obvious at this time — almost 18 months after commencement of the criminal action — is that the People do not know the whereabouts of Maria Ortiz and have long abandoned any hope of locating this material witness.
It is clear that for purposes of CPL 30.30 there has been a delay of trial for more than six months which would warrant dismissal of the indictment unless it is excused under the exceptions provided by the aforesaid statute. The People contend that much of the delay is excused because Maria Ortiz’ absence tolls the statute. They contend further that as to some counts of the indictment they have always been ready and that the delay has been mostly “on consent”.
The People’s first argument, as indicated, is that the witness’ unavailability tolls the statute as to the entire indictment. They rely on CPL 30.30 (subd 4, par [g]) which provides:
“4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *
“(g) other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request *386 of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period”.[2]
The People’s reliance on this provision is misplaced. No fair interpretation of the facts herein could reasonably fit the section. It is obvious that the People cannot benefit from CPL 30.30 (subd 4, par [g]) because there is no basis to believe that the evidence will become available in a reasonable period, even if the District Attorney exercises due diligence. Moreover, the People never requested an adjournment on the ground of unavailable evidence. It is therefore apparent that the whole indictment cannot stand.
The People’s second contention is directed towards saving at least some counts of the indictment. While admitting that Maria Ortiz is a necessary witness, the People argue that the motion to dismiss should be denied as to some counts since her testimony is not required as to several counts of the indictment. As to those counts (which they do not enumerate) the People assert that they have always been capable of being ready and the statute has been tolled because of numerous consent adjournments which are excluded under the provisions of CPL 30.30 (subd 4, par [b]).
Said subdivision provides, in part, as follows:
“4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *
“(b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel. The court must grant such a continuance only if it is satisfied that postponement is in the interest of justice, taking into account the public inter *387 est in the prompt dispositions of criminal charges.” (Emphasis supplied.)
Interestingly, a cursory review of the record without an examination of the underlying facts would indicate “consent adjournments” have reduced the time chargeable to the District Attorney to such an extent that as to defendants other than Blue and White the People would be chargeable with 77 days of delay. In regard to Blue and White the People would be chargeable with 88 days as to the former and 90 days as to the latter.
Accordingly, if the defendants are to prevail on this point there must be a resolution in their favor of two questions: (1) whether there can be valid consent adjournments where there is ignorance of circumstance; and (2) whether readiness as to some counts of an indictment is sufficient to sustain those counts alone.
It is by now well established that in order for the People to satisfy the mandate of CPL 30.30 they should communicate their readiness to proceed on the record (People v Giordano, 56 NY2d 524; People v Hamilton, 46 NY2d 932, 933; People v Kardum, 84 AD2d 663; People v Dillard, 79 AD2d 844; People v Hawkins, 79 AD2d 743). In addition, it is not disputed that where the defendant consents to an adjournment requested by the People his conduct constitutes a waiver of his right to complain of any delay (see People v Pace, 71 AD2d 609).
Under the facts of this case however, there can be no waiver because both the defendants and the court were either kept ignorant or misinformed of the fact that any trial, let alone a speedy one, was impossible. To hold otherwise would render meaningless that portion of CPL 30.30 (subd 4, par [b]) which imposes upon the court the obligation to grant continuances “only if it is satisfied that postponement is in the interest of justice”. Stated otherwise, before there may be meaningful consent by a defendant and a continuance granted by the court there must be a prompt disclosure of readiness or even unreadiness by the People. Continuous concealment of unreadiness renders the delay fatal to the People even if an adjournment is noted as having been on consent.
*388 Retrospective analysis of the prosecutor’s actions in this case shows that the “consent adjournments” by defendants were not meaningful but premised on the false impression, however innocent, created by the People, that they were ready at any time for trial. The circumstances revealed at the hearing show that the People — approximately .17 months after commencement of this action — have known for the last 12 months that they could not be ready to try almost all of the counts of the indictment (cf. People v Osgood, 52 NY2d 37, 41-42). They have therefore violated the essence of CPL 30.30 (People v Brothers, 50 NY2d 413).
As an example of the extent to which the defendants and the court have been misled it is noted that as early as July 2, 1981, while the People knew their material witness was unavailable, they still concealed such fact while haggling, in open court with the defendants concerning transcripts of videotaped statements.[3]
In regard to the patently ex post facto argument that they were able to be ready on some counts, it must be observed that: “there can be only one criminal action for any given set of charges” (People v Lomax, supra, p 356). In this case all of the counts of the indictment resulted from one investigation and one prosecution (cf. People v Boggio, 110 Misc 2d 317). The counts of the indictment were inexorably linked. Therefore, if the People were not ready for trial on some of the counts they were not ready for trial of the indictment.[4]
Accordingly, since the People have been continuously unready for trial and the defendants were unable to meaningfully consent to the adjournments requested and because the court was not afforded an opportunity to determine the validity of the delay imposed upon the defendants, I must conclude that the consolidated indictment herein be dismissed.
*389 In view of this result there is no need to address the issue of whether there has been a violation of constitutional speedy trial requirements.
This opinion constitutes the decision and order of the court.

. More than 10 months later and only after the initiation of the speedy trial motions herein did the People move to consolidate the indictment against White into the indictment against the four other defendants. This motion was granted on November 24, 1981.

. CPL 30.30 (subd 3, par [b]) concededly does not apply because although it mirrors its sister paragraph in language it only applies in a situation not extant here, where the People were once ready but are no longer ready because of some exceptional circumstance.

. In fairness to the Assistant District Attorney who ably presented this matter, he first was assigned to this case in November, 1981. It was only his diligence that caused the consolidation of these actions.

. Of course, if the People had acknowledged their difficulties before running afoul of CPL 30.30, disclosed the circumstances to the court, moved to dismiss those counts to which there was absolutely no evidence available and agreed to proceed upon those counts which were provable, the decision herein might have been different.