opinion of the court
Leonard P. Rienzi, J.
Each defendant moves to dismiss the accusatory instrument pursuant to CPL 30.30 (subd 1, par [b]) and 170.30 (subd 1, par [e]), alleging his right to a speedy trial has been violated.
The defendants are charged with petit larceny and criminal possession of stolen property in the third degree. They were arraigned on December 21,1983 when felony charges were reduced to present misdemeanors. The gravamen of the charges is that on December 20, 1983 the defendants stole and shortly thereafter illegally possessed a chainsaw.
Since the deponent police officer was informed by the informant owner that the owner had observed the defendants taking the chainsaw, the petit larceny count required the filing of a corroborating affidavit (CPL 100.40, subd 4; 170.65, subd 1). Pursuant to CPL 30.30 (subd 1, par [b]) and People v Colon (59 NY2d 921), the People were required to file the corroborating affidavit in support of the hearsay allegations in the petit larceny count within 90 days of the defendants’ arraignment. The corroborating affidavit necessary to convert the petit larceny count to a *871 prosecutable information was filed on April 18, 1984, 119 days after arraignment. Since the corroborating affidavit was an indispensable jurisdictional prerequisite to prosecuting the petit larceny count, the People could not as a matter of law have been ready for trial on that particular count until after the speedy trial time had elapsed. Accordingly, each defendant’s motion with respect to the petit larceny count is granted and the petit larceny count dismissed. In the absence of a valid accusatory instrument supporting the petit larceny count, the court need not indulge in an analysis of includable or excludable time visa-vis the adjournments granted prior to the filing of the corroborating affidavit (People v Thompson, 111 Misc 2d 521, affd 120 Misc 2d 444).
With respect to the portion of the accusatory instrument charging criminal possession of stolen property in the third degree a separate and distinct analysis is necessary. To support this charge there was filed at arraignment both the sworn affidavit of the deponent officer (indicating possession) and a permission and authority affidavit of the informant owner. Thus the jurisdictional defect present in the petit larceny count was not present in the possession of stolen property count. The criminal possession of stolen property count was jurisdictionally valid and triable at arraignment on December 21, 1983 (CPL 100.10, subd 1; 100.40, subd 1; 170.65, subd 1).
Since the initial jurisdictional prerequisite to prosecuting the stolen property count was accomplished on December 21, 1983, a further analysis is necessary to determine whether or not the People answered ready for trial within the time limitation of CPL 30.30. The burden of proof with regard to establishing a speedy trial violation initially rests with the defendant who must make a prima facie showing of undue delay. Upon such a showing, the People must come forward with an explanation of why they are not chargeable with delay in excess of 90 days (see People v Brothers, 50 NY2d 413; People v Berkowitz, 50 NY2d 333, 348-349).
The People answered ready for trial on April 18, 1984, 119 days aftér each defendant’s arraignment. During the period between arraignment and the People’s statement of *872 readiness, each defense counsel filed motions for discovery, bill of particulars, pretrial hearings, etc. At each defendant’s request the case was adjourned from January 24, 1984, to February 22,1984 (29 days) for this purpose. CPL 30.30 (subd 4, par [a]) states that in computing time within which the People must be ready for trial “a reasonable period of delay resulting from other proceedings * * * including * * * pretrial motions” is excludable. Thus without either addressing or analyzing the other adjournments during this 119-day period, it is clear that at least 29 days are excludable. With the exclusion of this time period the People have answered ready for trial within the time limitations of CPL 30.30.
Defendants argue that because the People did not convert the petit larceny count within the required speedy trial time period, the misdemeanor complaint was not converted until after the CPL 30.30 time had elapsed and therefore both counts must fall. Defendants’ position ignores the fact that there was a jurisdictionally valid and prosecutable count of criminal possession of stolen property extant on the day the criminal action commenced (CPL 100.10, subd 1; 100.40, subd 1; 170.65, subd 1). The counts of petit larceny and criminal possession of stolen property are distinct. Each count has different elements. Each is supported by different facts. Absent the People’s consent, a guilty plea to one would not automatically cover the other. A trial jury’s finding on one count would not necessarily be dispositive of the other. The Legislature left no doubt as to the separate and distinct nature of the two crimes in 1976 when it deleted from the Penal Law the proviso “that a person may not be convicted of both larceny and criminal possession of stolen property with respect to the same property” (L 1976, ch 375). (See Penal Law, § 165.50; see, also, Hechtman, 1976 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 165.60, 1983-1984 Pocket Part, pp 104-105.) In an analogous situation a motion to inspect Grand Jury minutes and dismiss which is granted as to one count of an indictment would not defeat a separate count. Logic and common sense dictate that speedy trial computation must often involve separate and distinct considerations *873 with respect to individual counts of a single instrument. (See People v Papa, 96 AD2d 601; People v Filim, NYLJ, Aug. 23, 1984, p 12, col 2 [App Term, 2d Dept]; see, also, People v Parris, 113 Misc 2d 1066, 1070.) One rotten apple may spoil a barrel. Unlike apples and barrels, however, one defective count in an accusatory instrument does not defeat the entire instrument. Each count must stand or fall on its own merits.
With respect to the petit larceny count, the People did not fulfill their obligations under CPL 30.30. The motion of each defendant is granted and the petit larceny count is dismissed. With respect to the criminal possession of stolen property count, the motions to dismiss pursuant to CPL 30.30 are denied.