OPINION OF THE COURT
Alan J. Meyer, J.
Defendant, Jose Muniz, is charged with unlawful possession of marihuana and criminal sale of marihuana in the fourth degree. He now moves to dismiss the accusatory instrument pursuant to CPL 170.30 (1) (e) and 30.30 on the ground that he has been denied his right to a speedy trial.
Specifically, defendant argues that the People could not have been ready for trial within the statutory 90-day period since they failed to obtain a lab report confirming the nature of the substance seized. In the alternative, defendant contends that People failed to announce ready for trial within the statutory 90-day period.
*457 The People contend that due to society’s familiarity with the taste and smell of marihuana a lab report is not necessary in order to bring the matter to trial. It is their position that they should not automatically be charged with all time up until the filing of a lab report. The People argue further that not all of the time is chargeable because of the requests of defense counsel and motion practice.
FINDINGS OF FACT
This action arises out of the defendant’s alleged involvement in the sale of a quantity of marihuana to an undercover police officer on November 1, 1983. The defendant was arrested and subsequently arraigned on a misdemeanor accusatory instrument on November 2, 1983. On December 1, 1983 defendant requested, via his omnibus motion, that the People turn over the lab report for the substance in question. Thereafter, the matter was adjourned for a variety of reasons and the instant motion to dismiss was filed on March 21, 1984. A review of the court’s records indicates that, to date, the People have failed to provide either a laboratory report for the substance seized or a corroborating affidavit of the undercover police officer to whom the alleged sale was made. The court’s records further reflect that as of the filing date of the defendant’s CPL 30.30 motion the People had announced their readiness for trial.
CONCLUSIONS OF LAW
The facts surrounding the charges involved herein require that each be analyzed separately with respect to defendant’s contentions.
As concerns the offense of criminal sale of marihuana in the fourth degree, a class A misdemeanor, the deponent police officer was informed of the alleged sale by an undercover officer who made the purchase. As a result, in order for this count of the accusatory instrument to constitute a jurisdiction-ally sufficient information the People were required to file a corroborating affidavit by the undercover officer (see, CPL 100.40 [4]; 170.65 [1]). Pursuant to CPL 30.30 (1) (b) and People v Colon (59 NY2d 921, revg 112 Misc 2d 790, for reasons stated at 110 Misc 2d 917), the corroborating affidavit had to be filed with respect to the criminal sale of marihuana charge and had to be done so within 90 days of the defendant’s arraignment (see, People v Jackson, 125 Misc 2d 870). As stated above, *458 People have failed to file any corroborating affidavit for this matter and as a result they have failed to convert the accusatory instrument into an information. Even if the People have announced ready on the record, such announcement would have been ineffective due to the fact that, as a matter of law, without the corroborating affidavit to convert the accusatory instrument into a jurisdictionally sufficient information, People could not be ready for trial. (People v Colon, supra; People v Jackson, supra.) Absent a valid accusatory instrument supporting this count there is no need for the court to further analyze includable and/or excludable time periods resulting from the various adjournments previously granted in this matter.
The second count of the accusatory instrument charges the defendant with possession of marihuana which is a violation. However, since this charge is part of an accusatory instrument which also contains the above-mentioned class A misdemeanor count, the latter, more serious count controls the People’s readiness period. As stated, the People cannot answer ready and satisfy their speedy trial obligations if the complaint has not been converted to an information, for without being converted, a jurisdictional impediment exists and all delays prior to the conversion of said instrument are to be charged to the People (People v Colon, supra; People v Arturo, 122 Misc 2d 1058).
The remaining issues are as follows: Is a lab report for the substance seized necessary to convert the complaint into a jurisdictionally sufficient information and if not, should the People’s failure to timely file a corroborating affidavit on the sale of marihuana count result in the dismissal of the entire accusatory instrument?
With respect to the issue of the lab report, after careful consideration, this court cannot agree with the conclusion reached in People v McMillan (125 Misc 2d 177). There it was held that a lab report was not needed to convert a complaint charging a marihuana related offense to a jurisdictionally sufficient information. This court holds that such a lab report is necessary to convert the complaint into an information.
The opposing argument presented in McMillan (supra) is based upon the belief that the use of marihuana has become so commonplace as to allow a police officer himself to conclude and make a verification as to the nature of the substance in question and thereby eliminate the need for a lab report. *459 Absent the need of a lab report the instrument is considered to be free of hearsay allegations thereby rendering it an information upon which the People may announce ready for trial. It has been further argued that such allowance of a police officer’s verification as to the genuiness of the marihuana is necessary due to the fact that large volumes of marihuana are now being seized, and proper lab analysis cannot always be performed within the statutory ready period.
Although this court recognizes the tremendous shortage of both police and laboratory personnel and the burdens placed upon them in light of the vast amount of marihuana arrests being made, this court does not find People’s argument to be persuasive. Such a shortage of personnel is not an excuse for not converting a complaint into an information. (People v Warren, 85 AD2d 747.)
In disagreeing with the conclusion reached by the court in McMillan (supra), this court holds that the People’s burden and defendant’s rights with respect to the marihuana offense should not be dismissed merely because there has been an increase in the number of offenses being committed. Although classified as a violation, possession of marihuana is still an offense within the Penal Law (Penal Law § 221.05) and as such, retains all rights within the CPL and governing cases as to presumption of innocence, burdens of proof, and right to prosecution by information.
In the case at bar, over 90 days elapsed from the time the accusatory instrument was filed until the lab report was received. The People, in their response papers dated February 9, 1984, indicate that they were to provide a copy of the lab report when they received it. The court interprets this statement as an indication that as of that date the People did not possess the lab report. In fact, to date, there is no indication that the People have a lab report despite the court’s numerous requests.
This court finds that without the lab report the People have not converted the accusatory instrument into a jurisdiction-ally sufficient information and as such could not have effectively answered ready for trial. (People v Arturo, supra.) Failure on the part of the People to convert the instrument and announce ready within the statutory period requires that the charges herein be dismissed (CPL 170.30, 30.30).
Although, in light of the court’s foregoing determination, further discussion on this matter is not required this court *460 feels that, in view of the great divisions which exists in this area of the law, the following brief discussion appropriate.
In People v Jackson (supra) the issue at bar was whether the People’s failure to be ready on one count of the accusatory instrument precluded them from being ready on all counts contained in that accusatory instrument. That court in citing People v Papa (96 AD2d 601) and People v Filim (NYLJ, Aug. 23, 1984, p 12, col 2) held that "[ljogic and common sense dictate that * * * one defective count in an accusatory instrument does not defeat the entire instrument” and that "[ejach count must stand or fall on its own merits” (125 Misc 2d 870, 872-873, supra).
This court does not agree. CPL 30.30 (1) speaks of one accusatory instrument which may contain numerous offenses of varying degrees. Accordingly, the complaint must be treated as a whole. Either the entire accusatory instrument is an information or it is not.
The statute actually has the effect of extending the time limitation for the lesser offenses which are included in a multicount accusatory instrument. If a defendant is charged with a violation and a misdemeanor, the time which governs the People’s announcement of readiness is the misdemeanor count. If the Legislature wanted separate time limitations where a multicount accusatory instrument is involved they would have provided for such. Instead the statute treats the accusatory instrument, irrespective of the number of counts contained therein, as a single entity. The People, as a result, have a choice with respect to the vehicle they will use to prosecute multiple offenses, and must make an assessment of the counts being charged and thereafter determine which counts require corroboration. The People should then make a further determination as to their ability to timely obtain such corroboration. If the defendant is charged with multiple offenses, and one count requires corroboration and the others do not (because they are self-corroborating), the People should consider drawing separate affidavits as to the separate counts if at all possible.
If the Legislature intended separate speedy trial guidelines for individual charges within a complaint, they would have so stated. It is the opinion of this court that the language of CPL 30.30 indicates the contrary.
Accordingly, the defendant’s motion to dismiss the accusatory instrument pursuant to CPL 30.30 is hereby granted.