OPINION OF THE COURT
Vincent T. Quattrochi, J.
The defendant Vivian Lewis is charged with the following violations of the Penal Law: assault in the third degree (Penal Law § 120.00); criminal mischief in the fourth degree (Penal Law § 145.00); and harassment (Penal Law § 240.25).
Defendant Lewis now moves the court for an order dismissing the accusatory instrument pursuant to CPL 30.30, 170.30 (1) (a), (f); 170.35, and 100.15 (3). The defendant asserts that the accusatory instrument is jurisdictionally defective with respect to the harassment and criminal mischief charges. Furthermore, she asserts that since the People have failed to proceed to trial on a timely basis with a jurisdictionally sufficient information, the People cannot assert partial readiness as to the remaining count in order to satisfy the requirements of CPL 30.30.
The statutory requirements of the CPL require that an information must meet a minimal level of sufficiency on its face (CPL 100.40). An information must substantially conform to the requirements of CPL 100.15, and the "[n]on-hearsay *276 allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]).
Here, the harassment and criminal mischief charges in the accusatory instrument fail to satisfy the statutory requirements for sufficiency under CPL 100.40. Both charges, as drafted in the complaint, omit the necessary element of intent. (See, Penal Law §§ 145.00, 240.25; People v Hall, 48 NY2d 927.) Therefore, as the People concede in their answering papers the complaint in its present form fails to allege criminal conduct as to the charges of harassment and criminal mischief, thereby rendering the two counts jurisdictionally defective and subject to dismissal.
However, the defendant’s papers raise a broader question as to what impact the jurisdictional defect and the People’s failure to convert on a timely basis has as to their readiness to proceed on the remaining assault charge. Defendant asserts that readiness to proceed to trial pursuant to CPL 30.30 must be measured upon the entire information and not a specific portion thereof. The defendant cites the holdings in People v Blue (114 Misc 2d 383) and People v Boggio (110 Misc 2d 317) as authority for the premise that each case must stand as "one trial and one prosecution” for the purposes of a speedy trial. (People v Blue, 114 Misc 2d 383, 388, supra; People v Boggio, 110 Misc 2d 317, 318-319, supra.)
The defendant also relies on the Court of Appeals decision in People v Lomax (50 NY2d 351), which interpreted the statutory provisions of the Criminal Procedure Law as requiring that "there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the * * * accusatory instrument may be replaced or superseded during the course of the action” (People v Lomax, 50 NY2d 351, 356, supra). However, I do not find that the holding in Lomax is totally dispositive of the instant question presented by defendant’s motion.
The defendant argues that the holdings in People v Boggio and People v Blue (supra) should persuade the court to rule that partial readiness is insufficient to satisfy the requirements of CPL 30.30. Therefore, defendant relies on the reasoning of Lomax and CPL 1.20 to support the proposition that the court must dismiss the entire case. However, I do not find that the above-mentioned cases dictate that Lomax be strictly *277 applied to uphold the contention that where a jurisdictional defect exists as to one count of the information, readiness cannot be attained by the People on the remaining charges because all counts in the accusatory instrument stand and fall together for the purposes of the speedy trial concept.
Furthermore, I find that the holdings in Blue and Boggio are factually distinguishable from the case at bar. In Blue (supra), Justice Clemente applied Lomax (supra) to invalidate the People’s assertion of partial readiness as to one count of the indictment. The court’s decision was premised upon a factual determination that all counts of the indictment were "inexorably linked”. (People v Blue, 114 Misc 2d 383, 388, supra.) Therefore, the People’s readiness for trial as to the remaining count in the indictment was questionable. Furthermore, Justice Clemente determined that the People’s representation as to readiness was tainted by their attempts to use consent adjournments under CPL 30.30 (4) (b) to conceal their actual inability to proceed to trial.
Boggio (supra) is likewise distinguishable because the subsequent two-count indictment from which the People were attempting to assert partial readiness was derived from a felony complaint which had been previously dismissed. Therefore, the court reached its conclusion on the issue of whether the People could still assert readiness on the remaining count, on the basis that the subsequent indictment was " 'directly derived’ ” or " 'originated’ ” from the investigation resulting in the original felony complaint (People v Boggio, at pp 318, 319). The Boggio court made a factual determination as to each count in the indictment, and concluded that the People could not meet their statutory obligations under CPL 30.30 by a partial declaration of readiness to proceed.
Notwithstanding the holdings in these cases, I find that defendant’s motion dismissing the remaining count of the accusatory instrument must be denied. With respect to this finding I am guided by the opinion of the court in People v Jackson (125 Misc 2d 870). In Jackson, Justice Rienzi rejected the defendant’s argument that because the People had failed to convert a petit larceny count on a timely basis, the court was required to dismiss the remaining possession of stolen property charge. The court in Jackson noted that the counts were "distinct” with "different elements”, and supported by "different facts”. (People v Jackson, 125 Misc 2d 870, 873, supra.) Furthermore, where a speedy trial computation is involved, it would be illogical to dismiss a count where sepa *278 rate and distinct considerations were necessary to determine the validity of the individual counts of an information. (People v Jackson, supra, at p 872; People v Papa, 96 AD2d 601 [2d Dept 1983].)
In the case at bar, the court finds that it would be inappropriate to dismiss remaining assault charges in the accusatory instrument. The jurisdictional defects as to the harassment and criminal mischief charges have had no impact on the People’s readiness to proceed on the remaining charge. It is clear that the People stood ready to proceed to trial on the jurisdictionally valid and prosecutable count of assault in the third degree. Furthermore, the People made their declaration of readiness on a timely basis, within 85 days of the commencement of the criminal action. (CPL 30.30 [5] [c].)
Accordingly, the motion to dismiss is granted with respect to charges of harassment and criminal mischief in the fourth degree. The motion is denied as to the charge of assault in the third degree.