■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HAROLD CHETRICK, KENNETH CHETRICK and ALFRED MALINOV, Respondents. [681 NYS2d 287] —Appeal by the People from (1) three orders of the County Court, Suffolk County, (Vaughn, J.), all dated June 17, 1997 (one as to each of the defendants), which granted the defendants' joint motion to dismiss each of the respective indictments on the ground that the People were not ready for trial within six months of the commencement of the actions, and (2) three orders of the same court all dated October 2, 1997 (one as to each of the defendants), which denied the People's motion to renew and reargue.

Ordered that the orders dated June 17, 1998, are affirmed; and it is further,

Ordered that the appeals from so much of the orders dated

October 2, 1997, as denied reargument are dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the orders dated October 2, 1997, are affirmed insofar as reviewed.

The People's contention that the counts in the second indictment were not directly derived from the counts in the felony complaints is without merit. The counts in both of the felony complaints and in the second indictment were based upon conduct which is comprised of several groups of acts "so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident" (CPL 40.10 [2] [a]; *see also, People ex rel. Greenstein v Sheriff of Schenectady County*, 220 AD2d 190; *People v Ramkisson*, 114 Misc 2d 535; *People v Boggio*, 110 Misc 2d 317). Therefore, the second indictment related back to the date the felony complaints were filed for the purposes of applying the six-month speedy trial limitation prescribed by CPL 30.30 (1) (a).

The People's further contention that the County Court erred in denying their motion for leave to renew is also without merit. The People did not offer a valid excuse for failing to submit available facts in response to the defendants' original motion to dismiss the indictment (*see, Foley v Roche*, 68 AD2d 558). Moreover, a remedy is not available where, as here, "a party has proceeded on one legal theory on the assumption that what has been submitted is sufficient, and thereafter sought to move again on a different legal argument merely because he was unsuccessful upon the original application" (*Foley v Roche, supra*, at 568).

We need not reach the People's remaining contention in light of our determination. Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.