The People of the State of New York, Appellant, 
against
John Sanok, Respondent.



Appeal from an order of the Justice Court of the Village of Goshen, Orange County (Rory K. Brady, J.), rendered June 12, 2013. The order, insofar as appealed from as limited by the brief, upon, in effect, reargument, granted the branch of defendant's omnibus motion seeking to dismiss the accusatory instruments on the ground that defendant's statutory right to a speedy trial had been violated.




ORDERED that the order, insofar as appealed from, is reversed, on the law, and, upon reargument, the branch of defendant's omnibus motion seeking to dismiss the accusatory instruments on the ground that defendant's statutory right to a speedy trial had been violated is denied. 
On May 30, 2012, misdemeanor complaints were filed charging defendant with endangering the welfare of a child (Penal Law § 260.10 [1]) and assault in the third degree (Penal Law § 120.00 [2]). Defendant was arrested and arraigned on these charges on May 31, 2012. In September 2012, after numerous adjournments, defendant filed an omnibus motion which sought, among other things, to dismiss the accusatory instruments on the ground that they were "defective on their face" and "that all time from the date of the defendant's arrest up to, and including the present, must be chargeable to the People," as the accusatory instruments had not been properly converted into informations, "and therefore more than ninety (90) days has expired [during which] the People could not actually be ready for trial . . . regardless of whether the People had announced their readiness for trial." By order dated October 26, 2012, the Justice Court (Thomas J. Cione, J.) denied "[d]efendant's motion to dismiss the charges," upon finding that the complaints were not defective. On May 8, 2013, defendant orally moved the court to "reconsider" the October 2012 order, which motion we deem, in effect, for leave to reargue his prior motion which resulted in the October 2012 order. On the next adjourned date, June 12, 2013, the Justice Court (Rory K. Brady, J.) orally granted defendant's motion and dismissed the accusatory instruments. In an undated written order, the court found, insofar as is relevant to this appeal, that more than 90 days of delay was chargeable to the People.
On appeal, the People contend that the Justice Court should not have addressed defendant's statutory speedy trial argument, of which the People argued they had no notice, and that, in any event, the Justice Court improperly calculated the speedy trial time.
A review of the record indicates that defendant's September 2012 omnibus motion argued, among other things, that the accusatory instruments were facially insufficient and that his [*2]statutory right to a speedy trial had been violated. Therefore, when the Justice Court, in its order dated October 26, 2012, solely addressed the branch of defendant's omnibus motion which sought to dismiss the accusatory instrument as facially insufficient, defendant sought leave to reargue his motion on the ground that the court had overlooked, or misinterpreted, relevant facts (see CPLR 2221 [d] [2]; Foley v Roche, 68 AD2d 558, 567-568 [1979]).
With respect to the branch of defendant's omnibus motion seeking to dismiss the accusatory instruments on statutory speedy trial grounds, it is uncontroverted that the People were required to be ready for trial within 90 days of the filing of the class A misdemeanor complaints on May 30, 2012 (see CPL 30.30 [1] [b]; People v Lomax, 50 NY2d 351, 356 [1980]). In the case at bar, defendant's original speedy trial motion only dealt with the time period of May 30, 2012 (the date the accusatory instruments were filed) to October 26, 2012 (the date the omnibus motion was decided).[FN1]
 Therefore, upon, in effect, reargument, the Justice Court erroneously included the time period of October 26, 2012 to May 8, 2013 in its speedy trial time calculations, which found that 99 days of delay were chargeable to the People. Inasmuch as the court had determined that only 27 days of delay were chargeable to the People for the time period of May 30, 2012 to October 26, 2012, we find, without passing upon the merits of any of the Justice Court's speedy trial time calculations, that, upon reargument, it should have denied the branch of defendant's motion seeking to dismiss the accusatory instruments on statutory speedy trial grounds. In view of the foregoing, we pass on no other issue.

To the extent that it can be argued that, on May 8, 2013, defendant did not seek reargument but, rather, that he made a new oral motion to dismiss the accusatory instruments on statutory speedy trial grounds, with all the time from May 30, 2012 to May 8, 2013 to be taken into consideration, the record does not indicate that the People waived the procedural requirement that such a motion be made in writing (see CPL 210.45) and, therefore, the motion could not have been considered (see e.g. People v McKiver, 24 Misc 3d 78 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). 

Accordingly, the June 12, 2013 order, insofar as appealed from, is reversed, and, upon reargument, the branch of defendant's omnibus motion seeking to dismiss the accusatory instruments on the ground that defendant's statutory right to a speedy trial had been violated is denied. 

Iannacci, J.P., and Tolbert, J., concur.

Marano, J., taking no part.

Decision Date: February 02, 2017



Footnotes

Footnote 1:Although defendant's omnibus motion was filed on September 12, 2012, the Justice Court charged the People with time during the pendency of the motion due to their failure to comply with the court-ordered motion schedule.