The People of the State of New York, Respondent,
against
Elizabeth Morena, Appellant.




Appellate Advocates (Joshua M. Levine of counsel), for appellant.
Kings County District Attorney (Leonard Joblove , Ann Bordley and Allison Ageyeva of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Gilbert C. Hong, J.), rendered January 16, 2014. The judgment convicted defendant, after a nonjury trial, of attempted assault in the third degree, attempted criminal possession of a weapon in the fourth degree, menacing in the third degree and harassment in the second degree. The appeal from the judgment of conviction brings up for review an order of that court (Raymond Rodriguez, J.) dated January 15, 2014 denying defendant's motion which had sought to dismiss the accusatory instrument on the ground that she had been denied her statutory right to a speedy trial. By decision and order of this court dated September 20, 2016, the appeal was held in abeyance and the matter was remitted to the Criminal Court to report on whether it had, on or before May 16, 2013, ordered that an identification hearing be held (53 Misc 3d 131[A], 2016 NY Slip Op 51372[U]). The Criminal Court (Donald Leo, J.) has filed its report.




ORDERED that the judgment of conviction is reversed, on the law, the order denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
The sole contention defendant raises on this appeal is that her statutory speedy trial motion should have been granted. By decision and order dated September 20, 2016 (53 Misc 3d 151[A], 2016 NY Slip Op 51372[U]), this court found that the People were chargeable with 50 days of delay, and that the only time period in dispute is the 74 days from May 16, 2013 to July 29, 2013, which period, defendant claimed, is entirely chargeable to the People. We rejected all [*2]but one of the People's arguments in support of their position that the 74-day period was excludable, and remitted the matter to the Criminal Court to report on whether it had ordered that an identification (Wade) hearing be held on or before May 16, 2013 in order to aid this court in determining the merit, if any, of the People's final argument regarding the excludability of the 74-day period. 
The Criminal Court has submitted its report, dated May 16, 2018, which states that it "did not order an identification hearing on or before May 16, 2013." Consequently, the remaining issue for our determination is whether, as the People argue, the 74-day period is excludable pursuant to the exceptional circumstances provision of CPL 30.30 (4) (g), based on the People's argument that they were not ready because the arresting officer, who was unavailable due to an injury, was needed to provide material testimony which the People reasonably believed was required for a Wade hearing.
It is undisputed that the People were required to announce their readiness for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]; People v Lomax, 50 NY2d 351, 356 [1980]). Once a defendant has shown the existence of a delay greater than 90 days, the burden of showing that certain periods of time should be excluded falls on the People (see People v Brown, 28 NY3d 392, 403 [2016]; People v Berkowitz, 50 NY2d 333, 349 [1980]). The People bear the burden of ensuring that the record of the proceeding where an adjournment is granted is sufficiently clear to enable a court deciding a CPL 30.30 motion to determine to whom that time should be charged (see People v Cortes, 80 NY2d 201, 215-216 [1992]). The People's failure to be ready within this statutory period or make a sufficient showing of excludability requires the dismissal of the accusatory instrument (see People v Berkowitz, 50 NY2d at 349).
Given that defendant never requested a Wade hearing and had argued that such a hearing was not required because the parties were known to each other, the People's argument that the arresting officer's testimony was material because the People reasonably believed that a Wade hearing was necessary lacks merit. As there was no showing that the arresting officer's testimony would be "evidence material to the People's case," the exceptional circumstances exclusion of CPL 30.30 (4) (g) is inapplicable and, therefore, the 74-day period from May 16, 2013 to July 29, 2013 should have been charged to the People. Consequently, more than 90 days of delay are chargeable to the People.
Accordingly, the judgment of conviction is reversed, the order denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2018