People v Cassar (2021 NY Slip Op 50625(U))

[*1]

People v Cassar (Ashley)

2021 NY Slip Op 50625(U) [72 Misc 3d 129(A)]

Decided on July 1, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2016-2858 S CR

The People of the State of New York,
Respondent,
against
Ashley R. Cassar, Appellant. 

Christopher J. Cassar, for appellant.
Suffolk County District Attorney (Alfred J. Croce of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of East Hampton, Suffolk County
(Lisa R. Rana, J.), rendered August 25, 2016. The judgment convicted defendant, upon her plea
of guilty, of aggravated driving while intoxicated per se, and imposed sentence. The appeal
brings up for review an order of that court dated March 29, 2015 which denied defendant's
motion to dismiss simplified traffic informations and so much of an order of that court dated
December 31, 2015 as denied the branch of defendant's omnibus motion seeking to dismiss the
accusatory instrument. By decision and order dated December 6, 2018, this court remitted the
matter to the Justice Court for a hearing and a report, and the appeal was held in abeyance in the
interim (People v Cassar, 61 Misc 3d 153[A], 2018 NY Slip Op 51806[U]). The Justice Court
(Lisa R. Rana, J.) has now filed its report.

ORDERED that the judgment of conviction is affirmed.
Three simplified traffic informations, each dated July 13, 2014, were filed alleging
defendant's failure to yield the right-of-way while entering a roadway (Vehicle and Traffic Law
§ 1143), aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192
[2-a] [a]), and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]),
respectively. The record also contains a misdemeanor information dated July 14, 2014, which
charged defendant with aggravated driving while intoxicated per se and common-law driving
while intoxicated based on the same incident. Defendant was arraigned in the Justice Court on
August 14, 2014.
Defendant moved to dismiss the simplified traffic informations on the ground that they [*2]were jurisdictionally defective because supporting depositions
regarding those charges were never served on her, and argued that the allegations regarding
defendant's blood alcohol level were unsupported because the instrument relied upon, the
Intoxilyzer 9000, was not approved by New York State for testing. Insofar as is relevant to this
appeal, the People argued, with respect to the charge of aggravated driving while intoxicated per
se, that defendant was arraigned on the misdemeanor information, not the simplified traffic
information charging that offense. By decision and order dated March 29, 2015, the Justice Court
denied defendant's motion, noting that "misdemeanor informations were filed together with the
simplified informations." Defendant subsequently filed an omnibus motion seeking, insofar as is
relevant to this appeal, to dismiss "the accusatory instrument" on the ground that the document
entitled the "Evidential Breath Analysis Test," which provided the results of defendant's breath
test, constituted a hearsay document. Insofar as is relevant to this appeal, by order dated
December 31, 2015, the Justice Court denied that branch of the omnibus motion. On June 16,
2016, defendant pleaded guilty to the charge of aggravated driving while intoxicated per se. On
August 25, 2016, she was sentenced to, among other things, a term of three years of probation
and a fine of $2,500.
On appeal, defendant raises a number of arguments, including that, with respect to
aggravated driving while intoxicated per se: the simplified traffic information was
jurisdictionally defective because a supporting deposition regarding that charge was never served
on her; the Justice Court improperly permitted defendant to be prosecuted by both a simplified
traffic information and a "long form" misdemeanor information; the factual part of the
misdemeanor information with respect to defendant's blood alcohol content was defective as the
Intoxilyzer 9000 instrument was not approved by New York State for testing, and the blood
alcohol content test result was not verified.
By decision and order dated December 6, 2018, this court remitted the matter to the Justice
Court for a hearing and a report on, insofar as is relevant here, the issue of whether defendant
was arraigned on the simplified traffic information alleging aggravated driving while intoxicated
per se or upon the misdemeanor information alleging that offense, and the appeal was held in
abeyance in the interim (People v Cassar, 61 Misc 3d 153[A], 2018 NY Slip Op
51806[U]). According to the Justice Court's report that was subsequently filed with this court,
defendant was arraigned on the misdemeanor information.
Contrary to defendant's contention, with respect to aggravated driving while intoxicated per
se, she was not prosecuted on both a misdemeanor information and a simplified traffic
information—she was prosecuted on the misdemeanor information. Since the Justice
Court determined that the simplified traffic information alleging aggravated driving while
intoxicated per se and the misdemeanor information charging her with that offense were filed
contemporaneously with the court, timing is not a factor (see People v Serrano, 53 Misc 3d 67 [App Term, 2d Dept, 9th
& 10th Jud Dists 2016]). Since the Justice Court determined that defendant had been
arraigned on the misdemeanor information, and "there can be only one criminal action for [any
given] set of criminal charges brought against a particular defendant" (People v Lomax,
50 NY2d 351, 356 [1980]; see also
People v Serrano, 53 Misc 3d 67), defendant was prosecuted on the misdemeanor
information. Therefore, defendant's contention regarding dismissal of the simplified traffic
information alleging aggravated driving while intoxicated per se is irrelevant. There is evidence
in the record establishing that the Intoxilyzer [*3]9000 instrument
used to determine defendant's breath alcohol content has been approved by the New York State
Department of Health. Defendant's remaining contention with respect to aggravated driving while
intoxicated per se is without merit.
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 1, 2021