People v Rahman (2023 NY Slip Op 50692(U))

[*1]

People v Rahman (Tanvir)

2023 NY Slip Op 50692(U)

Decided on June 23, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LOURDES M. VENTURA, JJ.

2022-223 Q CR

The People of the State of New York, Appellant,
against
Tanvir Rahman, Respondent. 

Queens County District Attorney (Johnnette Traill, Sharon Y. Brodt and Michael Tadros of counsel), for appellant.
Anthony L. Ricco, for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Eugene M. Guarino, J.), dated February 4, 2022. The order granted defendant's motion to deem the People's certificate of compliance invalid and to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is affirmed.
Insofar as is relevant to this appeal, on August 11, 2021, defendant was charged in an accusatory instrument with criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]), in connection with an alleged physical altercation between defendant and the complainant that occurred on August 10, 2021. On October 29, 2021, the People filed a certificate of compliance (CoC) (see CPL 245.50 [1]) and a statement of readiness (SoR) for trial. In a "Notice of Non-disclosure under CPL §§ 245.10(1), 245.20(1)(c), (D)," which the People attached to their CoC, the People stated, "Reports or materials not in the People's possession, despite the People's due diligence in attempting to obtain them, that have been created by, or are in the possession of, individuals/agencies outside of the prosecution's direction or control have not been disclosed."
On January 11, 2022, the People advised defense counsel and the Criminal Court that, shortly after the alleged physical altercation with defendant, the complainant went to the 114th [*2]Precinct of the New York City Police Department (NYPD). The NYPD called Emergency Medical Services (EMS), which treated the complainant for injuries she allegedly sustained during the altercation with defendant. The People stated that they had served a subpoena on EMS's parent agency, the New York City Fire Department (FDNY), on December 15, 2021, but had not yet received the records related to the complainant's treatment. On January 12, 2022, the Criminal Court raised concerns regarding the validity of the People's October 29, 2021 CoC in light of the missing FDNY/EMS records and set a motion schedule for defendant to move to dismiss the accusatory instrument on statutory speedy trial grounds.
On January 17, 2022, defendant moved (1) to deem the People's October 29, 2021 CoC invalid due to the People's failure to disclose the FDNY/EMS records concerning the complainant's treatment (see CPL 245.50 [4] [a]) and (2) to dismiss the accusatory instrument on statutory speedy trial grounds. The People opposed, arguing, among other things, that the People were not required to turn over the FDNY/EMS records because FDNY/EMS are not under the prosecution's control for discovery purposes. By order dated February 4, 2022, the Criminal Court granted defendant's motion, finding, in effect, that the FDNY/EMS records were discoverable under CPL 245.20 (1) (j) as "records . . . concerning physical or mental examinations . . . relating to the criminal action or proceeding which were made by or at the request or direction of a public servant engaged in law enforcement activity" because EMS provided treatment to the complainant at the request or direction of the NYPD. The court also found that "[t]here are no special circumstances in this case" that would allow the People to validly announce ready for trial despite noncompliance with their discovery obligations (see CPL 245.50 [3]) and charged the People with "all 159 days between the commencement of the case (August 11, 2021) and the filing of the instant motion (January 17, 2022)."
Since the most serious offense charged in the accusatory instrument is a class A misdemeanor, the People were required to be ready for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). Effective January 2020, CPL 30.30 (5) abrogated case law that allowed the People to declare their readiness for trial even if they had not fulfilled their discovery obligations. CPL 30.30 (5) now provides that "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20." CPL 245.20 (1) states that the People must disclose "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including but not limited to . . . . " The statute then provides a non-exhaustive list of categories of discoverable material, including (CPL 245.20 [1] [j]):
"All reports, documents, records, data, calculations or writings, including but not limited to preliminary tests and screening results and bench notes and analyses performed or stored electronically, concerning physical or mental examinations, or scientific tests or experiments or comparisons, relating to the criminal action or proceeding which were made by or at the request or direction of a public servant engaged in law enforcement activity, or which were made by a person whom the prosecutor intends to call as a witness at trial or a pre-trial hearing, or which the prosecution intends to introduce at trial or a pre-trial hearing."
In addition, CPL 245.20 (7) provides that "[t]here shall be a presumption in favor of disclosure when interpreting [CPL 245.20 (1)]."
Pursuant to CPL 245.20 (2):
"The prosecutor shall make a diligent, good faith effort to ascertain the existence of material or information discoverable under [CPL 245.20 (1)] and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control; provided that the prosecutor shall not be required to obtain by subpoena duces tecum material or information which the defendant may thereby obtain. For the purposes of [CPL 245.20 (1)], all items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution."
CPL 245.50 (1) states that when the People have provided the discovery required by CPL 245.20 (1), "[they] shall serve upon the defendant and file with the court a certificate of compliance. The certificate of compliance shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery." Compliance with the discovery requirements of CPL 245.20 is a prerequisite to a valid SoR absent a showing of "special circumstances" (CPL 245.50 [3]).
We agree with the Criminal Court that, in the circumstances of this case, and in light of the instruction to interpret CPL 245.20 (1) in favor of disclosure (see CPL 245.20 [7]), the FDNY/EMS records were discoverable under CPL 245.20 (1) (j). Moreover, the People were required to "make a diligent, good faith effort to ascertain the existence of [the FDNY/EMS records] and to cause [the records] to be made available for discovery" even if the records were not in the People's "possession, custody, or control" (CPL 245.20 [2]; see People v Ajunwa, 753d 1220 Misc 3d 1220[A], 2022 NY Slip Op 50626[U], *3 [Crim Ct, Bronx County 2022]; People v Todd, 67 Misc 3d 566, 570 [Sup Ct, Queens County 2020]). Despite the People's representation in their "Notice of Non-disclosure under CPL §§ 245.10(1), 245.20(1)(c), (D)" that they had exercised "due diligence in attempting to obtain [discoverable reports or materials not in their possession]," the record is clear that the People made no attempt to obtain the FDNY/EMS records until December 15, 2021, 47 days after they had filed their October 29, 2021 CoC. In these circumstances, we find that the People failed to "exercis[e] due diligence and mak[e] reasonable inquiries to ascertain the existence of" the FDNY/EMS records (CPL 245.50 [1]) and, thus, their CoC was not filed in good faith (see People v Guzman, 75 Misc 3d 132[A], 2022 NY Slip Op 50445[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; cf. People v Askin, 68 Misc 3d 372, 381 [Nassau County Ct 2020]). Consequently, the Criminal Court properly granted the branch of defendant's motion seeking to deem the People's October 29, 2021 CoC invalid.
Since the October 29, 2021 CoC was invalid and there were no special circumstances presented, the SoR from the same date was also invalid (see CPL 30.30 [5]; 245.50 [3]). Consequently, the Criminal Court properly granted the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds, as more than 90 days of delay were chargeable to the People.
Accordingly, the order is affirmed.
TOUSSAINT, P.J., BUGGS and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2023