■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE MITCHELL, Also Known as VANCEE MITCHELL, Appellant. [670 NYS2d 108] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered March 30, 1995, convicting defendant, after a nonjury trial, of absconding from temporary

release in the first degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant's motion to dismiss the indictment claiming a statutory speedy trial violation was properly denied. This action was commenced by the filing of the indictment for absconding from a work release facility and not by the detainer warrant that was lodged almost five months earlier (CPL 1.20 [17]; 100.05, 100.10; *People v Lomax*, 50 NY2d 351, 356). We see no reason to go beyond the explicit statutory language defining commencement of an action. Defendant's constitutional speedy trial claim, based largely on the above-mentioned five-month delay, is without merit. The factors set forth in *People v Taranovich* (37 NY2d 442) weigh overwhelmingly in favor of the People. Concur—Milonas, J. P., Nardelli, Wallach and Andrias, JJ.