OPINION OF THE COURT
Francis Alessandro, J.
The defendant moves to dismiss the pending accusatory instrument in this case on the grounds that the "superseding information” does not comply with the requirements of CPL 100.40 and 100.50 (2) and also on the grounds that the defendant has been denied his right to a speedy trial pursuant to CPL 30.30. The motion is granted on both grounds.
The charges against the defendant arise from a single *683 incident on October 27, 1989 when according to complainant Frank Turano, defendant threw an egg at his truck which struck the truck and splattered the complainant. The initial accusatory instrument was a misdemeanor complaint executed by complainant charging the defendant with reckless endangerment in the second degree in violation of Penal Law § 120.20 and harassment in violation of Penal Law § 240.25.
Defendant was initially arraigned on December 27, 1989. After numerous adjournments, on April 19, 1990, the original information was dismissed for facial insufficiency. That same day the People filed a "Superceeding [sic] Complaint”, alleging the same charges but with considerably greater factual detail. For the purpose of this decision, the court will put aside any question about the facial sufficiency of the new complaint and examine the appropriateness of this procedure.
When a criminal complaint is the accusatory instrument, absent waiver by the defendant, it must at some time be replaced by an "information” (CPL 170.65). Under certain circumstances, a misdemeanor complaint supplemented by appropriate affidavits may be converted to an information. In the instant case, no such conversion took place because the complaint was never appropriately supplemented by affidavits.
There is no provision in the Criminal Procedure Law for a superseding complaint. CPL 100.50 (2) provides for the filing of a prosecutor’s information that supersedes the "original information”. But the document filed in this case is labeled "Superceeding [sic] Complaint”, and is executed by the complainant, not the prosecutor. It is not therefore a "prosecutor’s information” which "must be subscribed by the district attorney by whom it is filed.” (CPL 100.35.)
There is no evidence in the file that the defendant consented to be tried upon an original complaint rather than the information or that the complaint was ever converted by waiver or otherwise into an information. Since the first information was facially deficient and there is no provision for a superseding complaint executed by the complainant, the superseding complaint must be dismissed.
This prosecution has been pending for 19 months. During that time there has never been a proper information. Under those circumstances, the complaint must also be dismissed pursuant to the provisions of CPL 30.30. (People v Whetson, 135 Misc 2d 1 [Crim Ct, NY County 1987].)