OPINION OF THE COURT
Howard A. Ruditzky, J.
In this decision, the court holds that an accusatory instrument charging Vehicle and Traffic Law § 1192 (2) (operating a motor vehicle while under the influence of alcohol with .10% or more blood alcohol level) must be supported by a chemical test analysis certificate which is both verified by the individual who administered the test in compliance with CPL 100.30, and which indicates defendant’s blood alcohol level. The absence of either of these factors renders the instrument jurisdictionally defective.
Defendant Arcenio Lopez, charged with Vehicle and Traffic Law § 1192 (2) (per se driving while intoxicated with a blood alcohol level of .10% or greater) and Vehicle and Traffic Law § 1192 (3) (common-law driving while intoxicated), moves for an order of dismissal on speedy trial grounds pursuant to CPL 30.30 (1) (b). Defendant contends that since the misdemeanor complaint was never properly converted to an information (see, CPL 100.40), any purported announcement of readiness for trial by the People is without force and effect. For the reasons discussed herein defendant’s motion is granted as to the charge of Vehicle and Traffic Law § 1192 (2) and denied as to the charge of Vehicle and Traffic Law § 1192 (3).
The motion arises from the following facts and procedural history. Defendant was arrested on November 22,1995 at about 9:15 p.m. at Broadway and Lafayette Streets in the County of Kings and charged with Vehicle and Traffic Law § 1192 (2) and (3). The allegations in the criminal complaint state that the informant, Police Officer Maria Casadevalle, observed the defendant behind the steering wheel of a 1984 Jaguar, with keys in the ignition, and that the defendant had the odor of alcohol *280 on his breath, exhibited slurred speech, was unsteady on his feet, had red watery eyes and registered in excess of .10% blood alcohol on a breath analysis test. The complaint was signed by the deponent, Kings County Assistant District Attorney Lisa Lee, was dated November 23, 1995 and was filed at defendant’s arraignment that same day. The case was then adjourned until December 20, 1995.
On December 20, 1995, the People filed the arresting officer’s report (I.D.T.U.) which included the results of a breathalyzer test (.15%), and the signature of both the officer who administered the test and the officer who witnessed the test. The chemical test analysis certificate was also filed, but this document was not signed and the space where the blood alcohol level should have been indicated was left blank. Also on December 20, 1995, the People filed a corroborating affidavit from the arresting officer, Maria Casadevalle, and announced their readiness for trial. To date, no signed and completed chemical analysis certificate has been filed.
Defendant argues that any purported statement of readiness by the People is without effect because the accusatory instrument was never properly corroborated and thus never converted to a jurisdictionally sufficient instrument. This argument is apparently made as to both counts in the information. Defendant contends that the absence of both a certified signature and a blood alcohol reading from the chemical test analysis certificate renders the accusatory instrument jurisdictionally defective. The court agrees with defendant’s contention as to the charge of Vehicle and Traffic Law § 1192 (2).
• To be legally sufficient an information must contain non-hearsay allegations of fact which in addition to establishing "reasonable cause” to believe the defendant committed the offense charged, "establish, if true, every element of the [charge]”. (See, CPL 100.40 [1] [b], [c]; 100.15 [3]; People v Alejandro, 70 NY2d 133 [1987].) Vehicle and Traffic Law § 1192 (2) states, in pertinent part, "No person shall operate a motor vehicle while such person has .10 of one percentum or more by weight of alcohol in the person’s blood as shown by chemical analysis”. Corroboration or nonhearsay allegations which support a charge of Vehicle and Traffic Law § 1192 (2) must take the form of a blood alcohol test result verified by the individual who administered the test. An individual’s blood alcohol level is an element of the offense and its omission from the instant chemical test analysis renders that portion of the accusatory instrument charging a violation of Vehicle and Traffic Law § 1192 (2) jurisdictionally defective.
*281 CPL 100.30 sets forth five ways in which a supporting deposition may be properly verified, including the following manner: "Such instrument may bear a form notice that false statements made therein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law, and such form notice together with the subscription of the deponent constitute a verification of the instrument.” The printed jurat on the instant chemical test analysis form extrapolates wording from the statute. (See, CPL 100.30 [1] [d].) By the incorporation of this language it may be inferred that the chemical test analysis certificate was intended to serve as a corroborating affidavit to a charge of Vehicle and Traffic Law § 1192 (2). The absence of the test administrator’s signature below the jurat renders that portion of this accusatory instrument charging Vehicle and Traffic Law § 1192 (2) jurisdictionally defective.
In summary, the absence of either a blood alcohol level test result or the sworn signature of the test administrator from the chemical test analysis certificate is fatal to the sufficiency of an information charging per se driving while intoxicated. In the instant case, both factors were omitted and accordingly the People’s purported announcement of readiness for trial made on December 20, 1995, as to the charge of Vehicle and Traffic Law § 1192 (2) is without effect. Since 159 days have elapsed between the filing of the accusatory instrument on November 23, 1995 and the filing of the instant motion to dismiss on May 1, 1996, the charge of Vehicle and Traffic Law § 1192 (2) is hereby dismissed pursuant to CPL 30.30 (1) (b).
A determination of the jurisdictional sufficiency of an information charging a violation of Vehicle and Traffic Law § 1192 (3) requires a different analysis. Vehicle and Traffic Law § 1192 (3) reads as follows: "No person shall operate a motor vehicle while in an intoxicated condition.” This so-called common-law charge of driving while intoxicated is properly supported by an accusatory instrument setting forth facts alleging the defendant’s physical manifestations of intoxication, i.e., slurred speech, breath odor, erratic driving, inability to stand or walk, bloodshot eyes as well as defendant’s operation of the vehicle and a corroborating affidavit from the officer who observed defendant in this condition. On December 20, 1995, the same day as the announcement of readiness for trial, the People filed a supporting deposition from Police Officer Maria Casadevalle, the arresting officer who observed defendant behind the wheel of his vehicle, with the key in the ignition, in an apparent intoxicated state. Police Officer Casade *282 valle’s affidavit corroborated the hearsay allegations in the complaint as to the charge of Vehicle and Traffic Law § 1192 (3). The People’s ability to announce "ready” on a "hybrid” or partially converted instrument has been recognized by case law and statute. (See, People v Minor, 144 Misc 2d 846 [App Term, 2d Dept 1989]; People v Clinton, 152 Misc 2d 555 [Crim Ct, Kings County 1991].) "CPL 170.30 (1) (e) allows a court to dismiss an accusatory instrument 'or any count thereof,’ upon the ground that the defendant has been denied the right to a speedy trial. CPL 100.40 (1) provides that an information 'or a count thereof is sufficient when it is sufficient as a complaint and when sworn nonhearsay allegations support every element of the offense charged and the defendant’s commission thereof.” (See, People v Clinton, supra, at 557.) The inclusion of the wording "or a count thereof” evinces a legislative intent of sanctioning partial corroboration. Accordingly the People’s announcement of readiness on December 20, 1995 was effective as to the common-law charge of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]).
The court also finds that as to the charge of Vehicle and Traffic Law § 1192 (3), the People were ready for trial within the 90 days applicable to a class A misdemeanor. (See, CPL 30.30 [1] [b].) The defendant was arraigned on November 23, 1995 and the case adjourned to December 20,1995 (27 days are chargeable). On December 20, 1995, the People filed a supporting deposition from the arresting officer which converted that portion of the complaint charging common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) to an information and announced their readiness for trial. A schedule for pretrial motions was set down and the case was adjourned to January 19, 1996. (Excludable time, see, CPL 30.30 [4] [a].) On January 19, 1996 pretrial motions were filed and served and the case was adjourned to February 9, 1996 for Mapp, Huntley and Dunaway hearings. (Excludable time, see, CPL 30.30 [4] [a].) On February 9, 1996 defendant failed to appear and a warrant was ordered but stayed until March 7, 1996. Once the People announce their readiness for trial there is no requirement that they exercise due diligence to locate the defendant and accordingly, this adjournment is excludable. (See, People v Cropper, 202 AD2d 603 [2d Dept 1994]; People v Cephas, 207 AD2d 903 [2d Dept 1994]; People v Myers, 171 AD2d 148 [2d Dept 1991]; People v Jones, 68 NY2d 717.) On March 7, 1996 defendant appeared and the case was adjourned to March 29 for pretrial hearings (excludable). On March 29, 1996, the *283 People were not ready and the case was adjourned to April 17, 1996 (19 days are chargeable as postreadiness delay; see, People v Anderson, 66 NY2d 529 [1985]). On April 17,1996, the People were again not ready and the case was adjourned to May 1, 1996 (14 days chargeable). On May 1, 1996 the instant motion to dismiss was filed which tolls the running of the CPL 30.30 time until the court’s decision on the motion. (See, CPL 30.30 [4] [a].) Therefore, a total of 60 days are chargeable to the People (27 days prereadiness delay, and 33 postreadiness delay). Accordingly defendant’s motion to dismiss the common-law charge of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) is denied.
In summary, the charge of Vehicle and Traffic Law § 1192 (2) was never corroborated because the chemical test analysis certificate was not verified in compliance with CPL 100.30, and did not indicate the defendant’s blood alcohol level. The absence of either of these factors renders the accusatory instrument jurisdictionally defective. The People’s announcement of readiness for trial as to Vehicle and Traffic Law § 1192 (2) was without effect since that charge was never corroborated. More than 159 days have elapsed since the filing of the accusatory instrument charging section 1192 (2) and accordingly the charge is dismissed pursuant to CPL 30.30 (1) (b). The charge of Vehicle and Traffic Law § 1192 (3) was corroborated by the supporting deposition of the arresting officer. The People could properly announce their readiness for trial on a "hybrid” instrument. The People’s announcement of readiness as to the charge of Vehicle and Traffic Law § 1192 (3) was timely since only 60 days were chargeable to the People.