OPTION OF THE COURT
Charles A. Posner, J.
Defendant Christopher Davino charged with possession of burglar’s tools (Penal Law § 140.35), petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40) moves to dismiss the accusatory instrument on speedy trial grounds pursuant to CPL 30.30. In this case the People made a statement of readiness for trial on *411 a "hybrid” instrument, at the time when one count out of four remained uncorroborated. At issue is whether a statement of readiness for trial on a partially converted instrument is retroactively rendered valid when the uncorroborated count (or counts) is subsequently dismissed after the applicable speedy trial time has expired. This court holds that when the People announce ready on a partially converted instrument, while the speedy trial time may be tolled as to the corroborated charge, the People cannot in fact proceed to trial until the uncorroborated charge is converted or dismissed. If dismissal of the uncorroborated count occurs outside the applicable speedy trial time, such dismissal does not serve to validate the People’s previous purported statement of readiness.
Defendant’s motion arises from the following findings of facts and procedural history. Defendant was arrested on September 12, 1996 and charged with possession of burglar’s tools, petit larceny, criminal possession of stolen property in the fifth degree and unauthorized use of a vehicle in the third degree. All of the charges are class A misdemeanors and the applicable speedy trial time within which the People must announce their readiness for trial is 90 days since the commencement of the action (see, CPL 30.30 [1] [b]). The factual allegations in the complaint set forth that the arresting officer observed the defendant walk toward a Chevrolet tow truck and enter the truck carrying certain items. The complaint further alleges that the arresting officer observed three Toyota Camry airbags, a steering wheel with "The Club” attached to it, one flashlight, two pairs of pliers, eight screwdrivers, three wrenches and a socket inside the tow truck while defendant was seated within. The complaint also alleges that one Anthony Renda informed the arresting officer that the airbags, steering wheel, and "The Club” safety device, seen inside the truck, were missing from Renda’s-1994 Toyota Camry and that defendant did not have permission to take, use or possess the property. Lastly, the complaint alleges that one Selwyn Carter informed the arresting officer that he is the owner of the tow truck in which the defendant was seated and that defendant did not have permission or authority to use or possess the truck.
At the time of his arrest defendant was issued a desk appearance ticket (DAT) which instructed him to appear in court on October 23, 1996. On October 23rd, the defendant failed to appear and a bench warrant issued. The next day, October 24, the defendant voluntarily returned on the warrant and the case was adjourned to November 18, 1996. When a defendant *412 has been served with a DAT, for speedy trial purposes, the criminal action is deemed to commence on the date the defendant first appears in court. (See, People v Parris, 79 NY2d 69 [1992]; CPL 30.30 [5] [b].) The People, however, are entitled to a reasonable adjournment following a defendant’s voluntary return on a warrant as they cannot realistically be expected to announce their readiness for trial or even to have their file in court since they have no advance knowledge as to whether or when the defendant will next appear. (See, People v Degro, 141 Misc 2d 810 [Crim Ct, NY County 1988]; People v Muhanimac, 181 AD2d 464 [1st Dept 1992]; People v Drummond, 215 AD2d 579 [2d Dept 1995].) Accordingly, the adjournment between October 24 and November 18, 1996 is excludable.
On November 18, 1996 the case was adjourned until December 10 for the stated purpose of enabling the People to obtain corroborating affidavits (22 days chargeable to the People). On December 10, 1996, the People filed a statement of ownership from Selwyn Carter, the owner of the tow truck, ostensibly to corroborate the charge of unauthorized use of a vehicle in the third degree. Carter had signed the statement, otherwise known as a supporting deposition of permission and authority, but the deposition contained no caption and did not mention the defendant by name. With neither a caption nor language stating that Christopher Davino (the defendant) did not have permission to use the tow truck, Carter’s "affidavit” bore no connection to the instant case or defendant, and was ineffectual to corroborate the charge of unauthorized use of a vehicle in the third degree. The absence of a caption, however, was apparently not immediately noticed by the court, the People or defense counsel and the People appear to have assumed on December 10, that they had properly corroborated this charge. Also on December 10, the court noted that two other corroborating affidavits were yet necessary to convert the accusatory instrument, and adjourned the case until January 15, 1997. On January 9, 1997, the People served and filed a statement of readiness along with corroborating affidavits from Anthony Renda and Officer Aiello. These affidavits effectively converted the charges of possession of burglar’s tools, petit larceny and criminal possession of stolen property in the fifth degree. The period from December 10, 1996 through January 9, 1997 is chargeable to the People (30 days for a cumulative total of 52 days). The charges of possession of burglar’s tools, petit larceny and criminal possession of stolen property in the fifth degree were converted on the 52nd day.
*413 At the January 15, 1997 calendar call, the court noted that the People were not in fact ready, because Selwyn Carter’s supporting deposition bore no caption or docket and informed the People that the charge of unauthorized use of a vehicle in the third degree remained unconverted. The People requested an adjournment and the case was adjourned to February 24, 1997. On February 24, 1997, the People moved to dismiss the charge of unauthorized use of a vehicle in the third degree, conceding that the supporting deposition was defective. That same time, the People stated their readiness on the remaining charges. If the People are charged with the adjournment from January 15 through February 24, 1997, then this statement of readiness was made on the 98th day, outside the 90-day statutory period. The People argue that the defect with respect to the People’s readiness on one charge should not affect the People’s readiness on the remaining charges.
The concept of partial conversion was recognized by the Appellate Term in People v Minor (144 Misc 2d 846 [App Term, 2d Dept 1989]). In Minor (supra, at 848), the Appellate Term noted that CPL 170.30 (1) (e) allows a court to dismiss an accusatory instrument "or any count thereof’ upon the ground that the defendant has been denied the right to a speedy trial, meaning that different speedy trial considerations could apply to different counts. However, the conversion of a complaint into an information is something separate and apart from a statement of readiness for trial. (See, People v Clinton, 152 Misc 2d 555 [Crim Ct, Kings County 1991] [the filing of an information is not synonymous with being ready]; People v Arturo, 122 Misc 2d 1058; People v Hagen, NYLJ, Sept. 22, 1992, at 27, col 4 [Crim Ct, Kings County].) A statement of readiness by the People must be made at a time when the People are in fact ready to proceed. (People v Kendzia, 64 NY2d 331 [1985].)
In the instant case, the People were informed by the court at the January 15, 1997 calendar call, shortly after they had served and filed a purported statement of readiness on January 9th, that Selwyn Carter’s supporting deposition was defective and that there could be no valid statement of readiness until that defect was cured. The People then requested an adjournment. By requesting this adjournment they indicated that they were not ready to proceed to trial. Although the People who had full knowledge of the defective affidavit on the 58th day since the commencement of the criminal action had the option of obtaining a new supporting deposition or dismissing the unauthorized use of a vehicle count well within the *414 statutory period they instead waited until February 24, 1997 to inform the court that they had decided to dismiss the count. While they had ample time to cure the defect within the applicable speedy trial period they took no action in this regard until the 98th day. The People were not truly ready for trial until February 24, 1997 when they first informed the court and the defendant of their decision to dismiss the defective count, and therefore their announcement was not timely made. An invalid statement of readiness for trial is not retroactively rendered effectual by a subsequent untimely curing of a defect.
Accordingly the People’s statement of readiness for trial on January 9, 1997 was ineffectual and defendant’s motion to dismiss the accusatory instrument pursuant to CPL 30.30 is granted.