OPINION OF THE COURT
Esther M. Morgenstern, J.
ISSUES PRESENTED
Can a court take judicial notice of an underlying order of protection issued by another court on a separate matter arising out of different facts, such that the People are relieved of their obligation to serve and file a copy of that underlying order to convert a criminal contempt charge?
When a court dismisses an A misdemeanor count of a complaint due to the People’s failure to timely convert that charge, can the lesser charge of harassment survive in the complaint where it was properly converted within 90 days, but after the 30 days that would have applied had harassment been the sole charge when the criminal action commenced?
Defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment in the second degree (Penal Law § 240.26 [1]).
Defendant moves to dismiss the charges pursuant to CPL 170.30 (1) (e) on the ground that he has been denied his right to a speedy trial pursuant to CPL 30.30 (1) (b).
The People oppose the motion.
CPL 30.30 (1) (b) provides that the People must be ready for trial within 90 days of the commencement of a criminal action wherein the defendant is accused of one or more offenses at least one of which is a misdemeanor punishable by more than three months in jail. If the People fail to be ready for trial within the time allotted, the case must be dismissed. In the case at bar, defendant is charged with an A misdemeanor punishable by one year in jail. Accordingly, the applicable speedy trial time is 90 days.
Defendant was arraigned on September 15, 1997 and was charged with criminal contempt in the second degree, and harassment in the second degree. The People allege that: “[on July 11, 1997 at 12:25 a.m. in the Hallway of 2985 Ocean Parkway] Defendant [screamed] at informant and [called] the informant a bitch and a whore, and told informant ‘Good for you the door is closed’ causing the informant to become annoyed and alarmed.” Further, the People allege that: “Deponent is informed by the official records of the Kings County District *141 Attorney’s Office that on May 22, 1997, Judge Lopez-Torres issued a full Order of Protection under docket # 96K064867 valid until May 22, 1998 ordering defendant to stay away from [complainant] and to refrain from harassing [complainant]
CONTENTIONS
The defendant contends that the People failed to convert the complaint into a jurisdictionally sufficient information within the 90-day period prescribed by CPL 30.30 (1) (b).
The People concede they should be charged with 86 days. However, they maintain that they converted the complaint into an information with their October 31st off-calendar statement of readiness wherein they served a superseding information containing the complainant’s supporting deposition. The new accusatory instrument added the charge of menacing in the third degree, but did not contain the underlying order of protection. The People contend that they are not required to serve the underlying order of protection to convert the criminal contempt charge, and that the court should take judicial notice of the underlying order issued by another court several months earlier in a different case arising out of facts not before this court. In support of their argument, the People cite no authority in their moving papers. The court ordered the People to submit a memorandum of law after filing their answer to support their contention. The cases submitted by the People are distinguishable since they do not address the weighty and well-settled constitutional pleading requirements placed upon the People by CPL 100.15, 100.40 and People v Alejandro (70 NY2d 133, 134 [1987]), discussed infra. (Cf., Casson v Casson, 107 AD2d 342 [1st Dept 1985] [Court judicially noticed its own prior decision as to the fairness of a contractual term of child support agreement]; Zouppas v Yannikidou, 16 AD2d 52 [1st Dept 1962] [Court judicially noticed interlocutory judgment of land sale]; Matter of Ordway, 196 NY 95 [1909] [Court judicially noticed prior status of appellant when she sought reimbursement as administratrix of estate]; People v Dritz, 259 App Div 210 [2d Dept 1940] [Court permitted lower court to take judicial notice of its own delinquency finding, but ultimately found notice irrelevant to the establishment of jurisdiction] ; Devine v Melton, 170 App Div 280 [1st Dept 1915] [Court judicially noticed its own appellate record of different appeal brought by same parties before same court in equitable breach of contract action].)
The court holds that these cases do not relieve the People of their constitutional and statutory duty to convert a count in *142 a criminal complaint to an information. The only case linking jurisdiction with judicial notice does so only to conclude that notice is irrelevant to jurisdiction. (See, People v Dritz, supra.) Further, in each of the People’s cases, courts judicially noticed items or documents only after full review and inspection, whereas the People, in the case at bar, want the court to take it on faith that a valid underlying order was issued months earlier by another court.
Further, the People contend that they complied with their statutory duty to announce ready for trial within 90 days when they did so on November 24th. According to the People, the subsequent adjournment for discovery by stipulation (D.B.S.) is excludable.
DISCUSSION
A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v Case, 42 NY2d 98 [1977].) An accusatory instrument is sufficient when it alleges nonhearsay evidentiary facts which, if true, tend to support the defendant’s commission of each element therein. (See, CPL 100.15 [3]; 100.40 [1] [b], [c]; see also, People v Dumas, 68 NY2d 729 [1986]; People v Alejandro, 70 NY2d 133, 134 [1987], supra.) Though sufficient for the commencement of a criminal action, absent defendant’s express waiver the complaint must be converted into a valid information before the defendant may be brought to trial. (See, CPL 100.10 [4].) In Alejandro, the Court went so far as to hold that an information is fatally defective if it fails to contain nonhearsay allegations of fact which, if true, establish defendant’s commission of each offense charged. Further, the Court held that since the defect of insufficiency is jurisdictional, it can be raised at any time. (Supra.)
In the case at bar, the People had to serve and file two documents to fully convert the complaint: (a) a supporting deposition from the complainant to corroborate her statements in the complaint; and (b) the underlying order of protection. Without the underlying order, the People could not sufficiently convert the criminal contempt charge. (See, People v Alejandro, supra; Matter of Holtzman v Beatty, 97 AD2d 79 [2d Dept 1983] [holding insufficient contempt charge absent proof of a valid, effective and clear order, the terms of which defendant knew]; People v Hogan, 172 Misc 2d 279 [Crim Ct, Kings County 1997].)
On October 31st, the People served and filed the supporting deposition, and converted the harassment charge. On February *143 10th, the People served and filed the underlying order of protection. Thus, as of February 10, 1998 both counts of the complaint were jurisdictionally sufficient. The only issue that remains is the timeliness of such conversion.
Where a defendant is charged with a misdemeanor punishable by more than three months in jail the People must be ready for trial within 90 days. (See, CPL 30.30 [1] [b].) The People’s statement of readiness must communicate an actual present ability to proceed to trial. (See, People v Kendzia, 64 NY2d 331 [1985].)
For purposes of determining the chargeability of time in a motion to dismiss pursuant to CPL 30.30, this court must examine each count of the complaint separately. In People v Madsen (NYLJ, Sept. 9, 1997, at 26, col 4 [Crim Ct, Kings County]), this court held that a valid statement of readiness on one count of a multicount accusatory instrument is sufficient to toll the speedy trial time as to that count despite insufficiency of other counts. A defect in one count of a multicount accusatory instrument does not necessarily require dismissal of the remaining counts. (People v Minor, 144 Misc 2d 846 [App Term, 2d Dept].) Further, “[s]peedy trial computations * * * often involve distinct considerations with respect to individual counts of a single accusatory instrument”. (Supra, at 848; see also, People v Laureno, 163 Misc 2d 873 [Crim Ct, Kings County 1995] [facial insufficiency of weapons count does not require dismissal of remaining counts on CPL 30.30 grounds where other counts were facially sufficient].) Moreover, the language of CPL 170.30 (1) (e) contemplates that speedy trial computations may be applied to separate counts in the same accusatory instrument in that a court may dismiss an accusatory instrument “or any count thereof’ on speedy trial grounds. (CPL 170.30 [1] [e]; cf., People v Papa, 96 AD2d 601 [2d Dept 1983] [only some counts of a multicount accusatory instrument remanded for a speedy trial hearing]; People v Lopez, 170 Misc 2d 278 [Crim Ct, Kings County 1996] [finding that the wording of CPL 100.40 (1) evinces a legislative intent of sanctioning partial corroboration] ; People, v Laureno, supra; People v Jackson, 125 Misc 2d 870, 872-873 [Crim Ct, Kings County 1984] [court refused to dismiss possession of stolen property charge on speedy trial grounds although the People failed to convert a petit larceny charge in the same instrument in a timely manner]; People v Lewis, 130 Misc 2d 275 [Crim Ct, Bronx County 1985] [court refused to dismiss assault charges in accusatory instrument on speedy trial grounds despite insufficiency of criminal mischief ánd harassment charges].)
*144 In the case at bar, the People allege that the defendant committed the crimes of criminal contempt in the second degree and harassment in the second degree. These two charges, though arising out of one act, are distinct from each other in that the harassment charge can be proven by the complainant’s testimony alone while the contempt charge requires proof that defendant knowingly violated a valid court order that was issued several months earlier by a different court. The differences in the type of proof required in each of the charges call for just the type of individual analysis discussed above. (See, People v Madsen, supra.)
This court holds that the People have failed to convert the criminal contempt charge within the time allowed by CPL 30.30 (1) (b), and hereby dismisses that count. However, since the harassment charge was converted within the 90-day period, it remains the only valid count on the information.
The court’s decision is analogous to reduction as contemplated in CPL 30.30 (5) (c), leaving before the court an information charging the violation of harassment. The court retains the harassment charge in accordance with the relevant case law and statutory authority which dictate the speedy trial periods applicable to reduced charges. (See, People v Sommersell, 166 Misc 2d 774 [App Term, 2d Dept 1995] [holding that 90-day time limit applies to B misdemeanor reduced from A misdemeanor]; People v Stateikin, 163 Misc 2d 517 [Crim Ct, Kangs County 1994] [holding no retroactive application of 60-day speedy trial time when People reduce A misdemeanor to B misdemeanor after 60 days expires]; People v Jaswinder, 165 Misc 2d 371 [Crim Ct, NY County 1995] [absent evidence that originally charged A misdemeanor was baseless, 90-day time period applied when A misdemeanor dismissed, and B misdemeanor survived]; People v Verdel, NYLJ, Sept. 9, 1987, at 13, col 3 [Grim Ct, NY County]; see also, CPL 30.30 [5] [c] [when felony reduced to misdemeanor past 90-day period six-month speedy trial time governs as if the new instrument had not been filed].)*
*145 In the case at bar, though the People would have had 30 days to announce ready were harassment the sole charge in the complaint, this court holds that they are entitled to the full 90-day period applicable to A misdemeanors, less the 45 days charged prior to conversion.
September 15, 1997 through October 16, 1997 (31 Days Chargeable)
A criminal action begins by the filing of an accusatory instrument with the Criminal Court. (CPL 1.20 [17].) For purposes of calculating speedy trial time periods, however, the day of defendant’s arraignment, i.e., the day the accusatory instrument is filed, is excluded from the computations. (See, General Construction Law § 20; People v Stiles, 70 NY2d 765 [1987].)
Defendant was arraigned on the misdemeanor charges on September 15, 1997 and the case was adjourned to October 16, 1997 for conversion of the complaint into a jurisdictionally sufficient information. Since the complaint was not converted during this period, the 31 days are chargeable to the People. (See, People v Colon, 59 NY2d 921 [1983].)
October 16, 1997 through November 24, 1997 (14 Days Chargeable on Harassment) (39 Days Chargeable on Contempt)
On October 16th, the People failed to convert the complaint, and the case was adjourned for conversion to November 24th. The People concede that the period from September 15th to October 31st (a total of 45 days) is chargeable due to their failure to convert any portion of the criminal court complaint into a jurisdictionally sufficient information.
The People’s October 31st off-calendar filing of a superseding complaint was an attempt to supersede the original complaint with an information adding the charge of menacing in the third degree (a class B misdemeanor). However, the new accusatory instrument also contained the still unconverted contempt charge. Since the People failed to file the underlying order of protection with the new accusatory instrument, the latter instrument is deemed a nullity.
There is no statutory authority or relevant case law permitting the People to supersede a criminal court complaint with another complaint; to effectively supersede a complaint, the *146 People must convert at the time they intend to supersede. (See, CPL 170.65 [1]; 100.50 [1], [3]; People v Miranda, NYLJ, May 9, 1995, at 29, col 5 [Crim Ct, Kings County] [no authority for People to file a superseding unconverted misdemeanor complaint]; People v Torres, 151 Misc 2d 682, 683 [Crim Ct, Bronx County 1991] [no statutory authority to supersede complaint with complaint]; see also, People v Johnson, NYLJ, Sept. 15, 1994, at 32, col 6 [Crim Ct, Kings County] [declaring invalid superseder a nullity].) Thus, the People’s attempt to supersede was defective, and the new instrument is a nullity.
Though the superseding information was defective, the People’s October 31st off-calendar filing of the complainant’s supporting deposition converted the original charge of harassment. Thus, the statement of readiness filed on that date was effective only as to the harassment charge.
November 24, 1997 through December 22, 1997 (28 Days Chargeable on Contempt)
On November 24th the People announced ready for trial though they had not served the underlying order of protection to convert the criminal contempt charge. The court ruled that, as to the criminal contempt charge, the People could not be ready to proceed to trial without the order of protection because they did not have a fully effective information. (See, People v Alejandro, 70 NY2d 133, supra.) Thus, the People’s declaration of readiness was invalid as to the contempt charge. (See, People v Kendzia, 64 NY2d 331, supra.) The court adjourned the case until December 22nd for D.B.S as to the converted count, and the People were again ordered to serve a copy of the underlying order of protection.
December 22, 1997 through February 3, 1998 (43 Days Chargeable on the Contempt)
On December 22nd, People served and filed D.B.S. on the converted count. The People, however, did not yet serve and file the underlying order of protection. The case was adjourned to February 3rd for hearings and trial on the converted count. Though the speedy trial time had tolled on the harassment charge, it continued running on the contempt charge. (See, People v Colon, 59 NY2d 921, supra.)
February 3, 1998 through February 24, 1998 (21 Days Excludable)
On February 3rd, defense counsel orally moved for dismissal of the complaint pursuant to CPL 30.30. The case was *147 adjourned until February 24th for decision. That adjournment is excludable for motion practice at defendant’s request pursuant to CPL 30.30 (4) (a).
On February 3rd, the People still had not served the underlying order of protection. On February 10th, the People served and filed a copy of the underlying order.
February 24, 1998 through April 7, 1998 (42 Days Excludable)
On February 24, 1998, defense counsel restated her intention to file a motion to dismiss pursuant to CPL 30.30. The case was adjourned for decision. This adjournment is excludable pursuant to CPL 30.30 (4) (a).
CONCLUSION
The court holds that the total time chargeable on the criminal contempt charge from September 15, 1997 until February 10, 1998 is 141 days. As the People failed to convert the contempt charge within the 90 days prescribed by statute, that charge is dismissed pursuant to CPL 30.30 (1) (b). The remaining count of harassment in the second degree stands as it was converted within the statutory time period. Thus, the defendant’s motion to dismiss is granted as to the count of contempt in the second degree, and denied as to the harassment count.

 CPL 30.30 (5) (c) states: “where a criminal action is commenced by the filing of a felony complaint, and thereafter * * * [is reduced to a misdemean- or], the period applicable for the purposes of subdivision one must be the period applicable to the [reduced charges], calculated from the date of [reduction]; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the [reduction] exceeds six months, the period applicable to the charges in the *145 felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed”.