OPINION OF THE COURT
Lucy Billings, J.
The People have charged defendant with three class A misdemeanors, assault in the third degree, Penal Law § 120.00 (1), menacing in the second degree, Penal Law § 120.14 (1), and criminal possession of a weapon in the fourth degree, Penal Law § 265.01 (2); a class B misdemeanor, attempted assault in the third degree, Penal Law §§ 110.00, 120.00 (1); and a violation, harassment in the second degree, Penal Law § 240.26 (1). Defendant moves to dismiss the accusatory instrument on the ground that the People were not ready for trial within the statutory time. For the reasons discussed below, the court grants the motion.
I. THE RECORD OF EVENTS AND THE PARTIES’ CONTENTIONS
On December 18, 1997, defendant was arraigned on a misdemeanor complaint charging the five offenses listed above. The complaint does not specify which of three complainants charges which offense. The factual allegations indicate that defendant committed assault in the third degree, attempted assault, and harassment against “Augustine Devalle” and “April Devalle” (Agustín Del Valle and April Del Valle according to their supporting depositions) and the remaining class A misdemeanors, menacing and criminal possession of a weapon, against Eddie Rivera.
The People were required to declare their readiness for trial within 90 days, by March 18, 1998, absent excludable time. (GPL 30.30 [1] |]b].) Thus, defendant has demonstrated a prima facie violation of the trial readiness rule. (People v Betancourt, 217 AD2d 462, 463 [1st Dept 1995].) The burden is now on the People to establish that (1) they have declared their readiness for trial within the allowable time, or (2) sufficient time is *61 excludable to permit the prosecution to continue. (People v Luperon, 85 NY2d 71, 77-78 [1995]; People v Santos, 68 NY2d 859, 861 [1986]; People v Fields, 214 AD2d 332 [1st Dept 1995].)
According to the record of court action and the parties’ affidavits, the relevant events are as follows:
(1) According to the court records the misdemeanor complaint was filed and defendant was arraigned during the evening of December 18, 1997. The People concur. Defendant insists he was arraigned December 19, 1997. Since defendant’s position is more favorable to the People, for purposes of this motion the court adopts December 19, 1997, as the commencement of the action. (CPL 1.20 [17].) The Legal Aid Society appeared for defendant at arraignment. The case was adjourned to December 23, 1997, for the People to convert the complaint to an information.
(2) According to the court records, on December 23, 1997, the People filed corroborating affidavits from the complainants Agustín and April Del Valle. On this date, Robert Nerboso, Esq., appeared for defendant. The court (Levitt, J.), finding that “2 counts” were converted to a triable information, evidently the assault and attempted assault of the Del Valles, adjourned the case to February 11, 1998, for the People to file the “third corrob[orating affidavit]”, evidently from Eddie Rivera.
(3) On February 11, 1998, according to the record of court action, the People declared their readiness for trial “on counts one and two”, evidently referring to the assault counts relating to the Del Valles, although these counts were designated one and four in the accusatory instrument. The People produced no affidavit from Rivera. The court (Rakower, J.) noted that the People refused to dismiss the counts relating to the complainant Rivera, presumably the weapon and menacing charges under counts two and three of the complaint. The People claim their declaration was competent to satisfy the trial readiness rule. Upon the People’s request the court adjourned the case to April 1, 1998.
(4) On March 6, 1998, the People purported to declare their readiness for trial on all counts by serving on the Legal Aid Society a certificate of readiness and the corroborating affidavits of Agustín and April Del Valle and Eddie Rivera. The documents filed with the court, however, did not include the Rivera affidavit.
(5) According to the record of court action, on April 1, 1998, defendant’s counsel pointed out that the defense had not previ *62 ously received the supporting deposition of Rivera, which the People did file and serve April 1. The court (Rakower, J.) set a schedule for defendant to file his motion to dismiss on trial readiness grounds and for the People to respond. The matter was adjourned to May 5, 1998.
In his affidavit in support of the motion to dismiss, defendant’s counsel reiterates that on April 1, 1998, the People “filed for the first time the final necessary supporting deposition with the Court.” He further insists that the April 1 filing was “the first date that the attorney of record had been informed of the execution of the final necessary supporting deposition.” On May 5, in oral argument before the court, he added that the People had never served the certificate of readiness of March 6, 1998, on the correct defense counsel and he only received it in court on April 1 as well.
(6) On May 5, 1998, the People responded to defendant’s motion. Presumably referring to the Rivera affidavit, they claim that “due to a clerical error, the supporting deposition which was received by the People on March 4, 1998 did not get filed and served. It was not until the next court date that the error was brought to the People’s attention. The People provided said supporting deposition on April 1, 1998. It is the People’s position that because a certificate of readiness was filed and served on that date [March 6], and the supporting deposition was in the People’s possession, the People should not be charged for any time after March 6, 1998.”
Based on this record, the initial issue presented by the parties is whether the People’s filing of the certificate of readiness and the Del Valles’ supporting depositions on March 6, 1998 tolled the trial readiness time, the issue of notice aside. The People, claiming no other basis for excludable time, insist that this filing did toll the time. They do not argue that if their certificate of readiness was ineffective, it was ineffective only as to the charges concerning Rivera, and the charges concerning the Del Valles should continue. They apparently argue that their service on the Legal Aid Society also was sufficient for notice purposes. Defendant argues only that the failure to file the third supporting deposition makes the purported certificate of readiness of March 6, 1998 a nullity.
II. THE SUFFICIENCY OF THE RECORD
The People bear the burden to produce a record of proceedings sufficient to enable the court to reach “an informed decision” as to whether time is excludable. (People v Cortes, 80 *63 NY2d 201, 215-216 [1992].) The court has before it the record of court action in the court file and the parties’ motion papers. On July 2, 1998, the court invited the parties to supplement and clarify the record and allowed ample time for the People to provide transcripts of the critical proceedings. Defendant’s attorney on July 2 simply reiterated his prior statements as to the facts, and the court has received no transcripts nor further submissions since then.
Therefore, the court will decide the motion based on the record currently before the court. Notations on official court documents by Judges presiding on the record constitute a part of the proceedings and reflect them. A presumption of regularity attaches to these notations, like all judicial proceedings. (People v Moore, 227 AD.2d 227 [1st Dept 1996].) Where court notations corroborate the parties’ sworn allegations regarding the record of court action, the court may accept the facts as established. (People v Gruden, 42 NY2d 214, 218 [1977]; People v Notholt, 242 AD2d 251 [1st Dept 1997]; People v DeLaRosa, 236 AD2d 280, 281 [1st Dept 1997]; People v Jackson, 225 AD2d 794, 795 [2d Dept 1996], affd after remand 249 AD2d 415 [2d Dept 1998].)
III. DISMISSAL OF THE CHARGES CONCERNING THE COMPLAINANT
EDDIE RIVERA
The first issue is whether the People’s failure to file the Rivera supporting deposition with the court before March 18, 1998 requires dismissal of the charges concerning Eddie Rivera.
Absent a waiver, a defendant has a statutory right to be prosecuted by information in any misdemeanor action. (CPL 170.65 [1], [3]; People v Weinberg, 34 NY2d 429, 431 [1974].) An information commences a criminal action only when filed with a local criminal court. (CPL 100.05, 100.10 [1].) Where a supporting deposition is necessary to convert a misdemeanor complaint to an information, filing the supporting deposition with the court is a jurisdictional prerequisite to prosecution of the action. (People v Worley, 66 NY2d 523, 526-527 [1985]; see, CPL 100.20.) Although the People apparently obtained the necessary corroborating affidavit from the complainant Eddie Rivera before their trial readiness time expired, they admit they failed to file the affidavit with the court until April 1, 1998.
On March 6, 1998, the People filed a certificate of readiness with the court, but omitted to file the Rivera affidavit. They *64 then served another copy that included the Rivera affidavit erroneously on defendant’s prior counsel, the Legal Aid Society, who had represented him at his arraignment on the complaint. The People offer no authority for the proposition that the failure to file a corroborating affidavit with the court may be excused because the People otherwise fulfilled the prerequisites to declare their readiness for trial, and the court is aware of none. Nor do the People submit any support for the proposition that service of a corroborating affidavit and certificate of readiness on prior counsel dispenses with defendant’s entitlement to personal service of process.
Having failed both to file the Rivera affidavit with the court and to serve defendant properly with the affidavit and notice of readiness, the People could not effectively declare their readiness for trial on the offenses relating to Rivera. The People may declare their readiness for trial only when they “are in fact ready to proceed.” (People v Kendzia, 64 NY2d 331, 337 [1985].) Absent defendant’s waiver of the right to be prosecuted by information, the People cannot be “ready to proceed” on an unconverted misdemeanor complaint; their declaration is not competent to confer trial jurisdiction. (People v Colon, 110 Misc 2d 917, 920 [Crim Ct, NY County 1981], revd 112 Misc 2d 790 [App Term, 1st Dept 1982], revd on Crim Ct opn 59 NY2d 921 [1983].) Thus, the charges against defendant based upon his conduct toward Eddie Rivera must be dismissed, as they were not corroborated within the time available to the People to declare their readiness for trial.
IV. DISMISSAL OF THE REMAINING CHARGES
The remaining issue is whether the dismissal of the charges concerning Rivera on speedy trial grounds requires dismissal of the remaining charges.
CPL 170.30 (1) (e) provides that a misdemeanor complaint “or any count thereof’ may be dismissed on the ground that defendant has been denied the right to a speedy trial. This provision has been construed to permit the People to declare their readiness for trial on the corroborated counts of an otherwise unconverted multicount accusatory instrument. (People v Lopez, 170 Misc 2d 278, 282 [Crim Ct, Kings County 1996]; People v Clinton, 152 Misc 2d 555, 557 [Crim Ct, Kings County 1991].) “[Sjpeedy trial computation must often involve separate and distinct considerations with respect to individual counts of a single instrument.” (People v Jackson, 125 Misc 2d 870, 872-873 [Crim Ct, Kings County 1984]; see also, People v Gonzalez, *65 168 Misc 2d 136, 137 [App Term, 1st Dept 1996]; People v Hussein, 177 Misc 2d 139, 143 [Crim Ct, Kings County 1998] [collecting cases].) Therefore, “the People’s failure to timely proceed on one count of an accusatory instrument does not necessarily adhere to the remaining counts upon which the People could be ready for trial”. (People v Minor, 144 Misc 2d 846, 848 [App Term, 2d Dept 1989].) The remedy in such cases is dismissal of the counts on which the People have defaulted. (People v Hussein, 177 Misc 2d, at 144; People v Lopez, 170 Misc 2d, at 283; People v Jackson, 125 Misc 2d, at 872.)
Here, the People filed and served the Del Valles’ corroborating affidavits on December 23, 1997. On February 11, 1998, the People insisted they were ready for trial on the charges relating to the Del Valles, but declined to dismiss the uncorroborated counts. The court adjourned the case to April 1, 1998, at their request.
The People’s statement of readiness for trial must communicate an actual “present” ability to proceed. (People v Kendzia, 64 NY2d, supra, at 337.) The People might have been able to proceed to trial on the charges relating to the Del Valles. By requesting an adjournment to corroborate the unconverted counts relating to Rivera, however, the People declared their unwillingness to proceed to trial. Particularly where the People do not argue otherwise, the court may consider the People’s request an admission that they were not “read/’ to proceed to trial as to any count of the multicount accusatory instrument. (People v Davino, 173 Misc 2d 410, 413 [Crim Ct, Kings County 1997]; see also, People v Tavarez, 147 AD2d 355, 356 [1st Dept 1989]; People v Middlemiss, 198 AD2d 755, 756 [3d Dept 1993].)
The People’s trial readiness time as to the entire accusatory instrument expired March 18, 1998. According to People v Davino (173 Misc 2d, supra, at 413), their options were to convert or dismiss the unconverted counts and declare their readiness for trial on the remaining counts by that date. Here, of course, the People did not accomplish either alternative when they simply failed to file and serve a certificate of readiness and all three complainants’ affidavits on March 6, 1998. (People v Smith, 82 NY2d 676, 678 [1993].) In fact, the People’s request on February 11 for an adjournment to April 1, 1998, 23 days beyond the time to prosecute the charges relating to Rivera, foreclosed further proceedings on those charges even had the People timely filed and served a certificate of readiness in the meantime. (People v Sebak, 245 AD2d 242 [1st Dept 1997]; People v Cajigas, 224 AD2d 370, 371 [1st Dept 1996]; *66 People v Betancourt, 217 AD2d 462, 465, supra; People v Reid, 214 AD2d 396, 397 [1st Dept 1995].)
Moreover, even if this court were not to follow Davino (supra) and were to accept the People’s February 11, 1998 declaration of readiness on the charges relating to the Del Valles, the People’s postreadiness delay still requires dismissal of those charges. Following a declaration of readiness, the People are chargeable with any “actual period of adjournment requested” (People v Reid, 214 AD2d, supra, at 397), unless excludable pursuant to CPL 30.30 (4). (People v Liotta, 79 NY2d 841, 843 [1992]; People ex rel. Sykes v Mitchell, 184 AD2d 466, 468 [1st Dept 1992].) Of course, “not every postreadiness default by the People not generated by exceptional circumstances [CPL 30.30 (4) (g)]” requires dismissal of the action. (People v Anderson, 66 NY2d 529, 537 [1985].) Nevertheless, where the delay is attributed solely to the People, and they have alleged no exceptional circumstances, nor any other basis, statutory or otherwise, to excuse their delay, the speedy trial time continues to run. (People v Carter, 91 NY2d 795, 799 [1998]; People v Anderson, 66 NY2d, at 537-538; People v Dushain, 239 AD2d 151, 153 [1st Dept 1997].) When the court granted the People an adjournment to April 1, 1998, defendant’s trial could not have proceeded until at least then, even as to those counts on which the People had declared their readiness. (People v McKenna, 76 NY2d 59, 64 [1990].)
Thus, the People exhausted their remaining statutory time on the charges relating to the Del Valle complainants, and those charges must be dismissed, notwithstanding the People’s assertion of trial readiness as to those charges on February 11, 1998. Therefore the court grants defendant’s motion to dismiss all the charges.