Lucindo Suarez, J.
(concurring). I concur with the majority *252 that the criminal court’s grant of defendant’s speedy trial motion was in error as she failed to formally raise a hearsay challenge to the criminal impersonation count. I write separately, however, to call into question the legitimacy of the “hybrid” information. At the core of this appeal lies the question — what constitutes a valid information within the meaning of CPL 100.40 (1) (c) for purposes of CPL 30.30 (1) (b), when charging converted and defective counts in the same accusatory instrument. I conclude, as a matter of statutory construction, that defective counts must be removed from the complaint before it can be deemed an information. The People should not be allowed to answer ready for trial in a piecemeal fashion, as it unjustifiably obscures the definition of an information.
An information in the local criminal court is akin to that of an indictment in Supreme Court. Both serve to: (1) apprise the defendant of the nature of the charges and enable a defense; (2) provide the local criminal court with sufficient legal evidence to furnish a reasonable ground to believe that a crime has been committed and thereby require the case bound over for trial; and (3) for purposes of the speedy trial statute, eliminate guesswork by objectively establishing the date when the People have done everything required of them to bring the case to trial, and thereby abolish the need for a court to determine to whom adjournment delays should be charged. The prosecution’s function of securing a sufficient instrument is a fundamental task, and the failure to do so within the time fixed by statute will result in dismissal of the prosecution. (See, People v Colon, 110 Misc 2d 917, revd 112 Misc 2d 790, revd 59 NY2d 921 [1983]; People v Worley, 66 NY2d 523 [1985] [delays before conversion of a misdemeanor complaint to an information occasioned by motions or adjournments requested by defendant were not chargeable to the People].) While there is no statutory definition of “readiness,” case law dictates the prosecution can only answer “ready” and thereby toll the speedy trial statute, when in fact they are actually ready. (See, People v Kendzia, 64 NY2d 331 [1985]; People v Carter, 91 NY2d 795 [1998].)
A misdemeanor complaint, while sufficient to commence a criminal proceeding, confers only limited jurisdiction on the local criminal court. (See, CPL 100.10 [1], [4]; 170.65; People v Weinberg, 34 NY2d 429 [1974].) In the absence of the defendant’s specific waiver, the criminal complaint must be replaced by an information. (CPL 170.65 [1].) Rather than necessitating the actual filing of a new accusatory instrument, conversion is accomplished by the prosecution’s filing of supporting deposi *253 tions that, together with the misdemeanor complaint, satisfy the requirements of a valid information. (See, CPL 170.65 [1]; 100.40; see also, Lawrence K. Marks, New York Pretrial Criminal Procedure [West 1996, 2000].)
CPL 100.40 (1) provides that an information or a count thereof is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in section 100.15; and “(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof’ (emphasis added).
The majority does not take issue with the Calendar Judge’s ruling that the criminal impersonation count was defective. Instead, they conclude that a “partially converted” or “hybrid” information does not vitiate the People’s readiness statement as to the properly converted counts. I disagree. In my view, the removal of defective counts is a condition precedent to deeming the instrument an information. “The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory ‘language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of [the] words’ used.” (People v Finnegan, 85 NY2d 53, 58 [1995] [citations omitted]; see also, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 76, 92 [a], [b].)
As the motion court correctly understood, a partially converted instrument must be deemed a complaint rather than an information until the People provide the court with a basis for exercising “trial jurisdiction” (see, CPL 1.20 [24]) by removing unconverted counts. A sufficient information, by definition, contains only nonhearsay allegations setting forth each element of the crimes charged. (See, CPL 100.40 [1] [c].) Assuming defendant’s objection (see, People v Casey, 95 NY2d 354 [2000]), any statement of readiness prior to conversion of a misdemeanor complaint has no effect for purposes of tolling the speedy trial statute when the defendant has not contributed to *254 the delay. (See, CPL 170.65 [1]; People v Worley, supra; People v Davino, 173 Misc 2d 410 [Crim Ct, Kings County 1997]; People v Quiles, 179 Misc 2d 59 [Crim Ct, NY County 1998]; People v Richberg, 125 Misc 2d 975 [Crim Ct, NY County 1984], citing People v Colon, supra.) Comparably, when a Grand Jury has not voted an indictment, the People’s announcement of readiness on a felony charge is ineffective. (See, e.g., People v Correa, 77 NY2d 930 [1991]; People v Afshar, 152 Misc 2d 615 [Sup Ct, NY County 1991].) A valid accusatory instrument is a prerequisite to toll the speedy trial statute. (See, e.g., People v Cortes, 80 NY2d 201 [1992]; People v Masellis, 140 Misc 2d 1024 [Crim Ct, NY County 1988] [People cannot benefit from the exclusions of the speedy trial statute when they failed to convert a misdemeanor complaint].)
I also disagree with the majority’s conclusion that “[t]he common practice of giving individual speedy trial treatment to discrete counts of an information is expressly authorized by statute (see, CPL 170.30 [1] [e])” (at 250). In my view, the language “or a count thereof used in CPL 100.40 and 170.30 does not evince a legislative intent to recognize partial corroboration of the complaint for purposes of speedy trial, but rather recognizes the multicount instrument and serves to accommodate the requirements of CPL 100.40 (1) by allowing for the removal of defective counts without the ceremonial task of refiling the entire instrument.
Notably, the CPL does not define the hybrid, partially converted accusatory instrument. It is a creation of the People allowed to answer ready on the converted counts contained in the same information charging unconverted counts. The practice has been upheld in People v Gonzalez (168 Misc 2d 136 [App Term, 1st Dept 1996], quoting People v Minor, 144 Misc 2d 846 [App Term, 2d & 11th Jud Dists 1989]) and People v Hansen (NYLJ, Aug. 3, 1999, at 22, col 1 [App Term, 1st Dept 1999]). However, the failure to elaborate the basis for the hybrid instrument, and the questionable policy behind it, has caused considerable difficulty as the trial courts attempt to integrate the hybrid instrument into existing law. (Compare, People v Lopez, 170 Misc 2d 278 [Crim Ct, Kings County 1996]; People v Hussein, 177 Misc 2d 139 [Crim Ct, Kings County 1998], with People v Davino, supra; People v Quiles, supra; People v Richberg, supra.)
The majority’s reliance on People v Dion (93 NY2d 893 [1999]), People v Ortiz (209 AD2d 332 [1st Dept 1994]) and People ex rel. Ortiz v Commissioner of N.Y. City Dept. of Cor *255 rection (253 AD2d 688 [1st Dept 1998], affd on other grounds 93 NY2d 959 [1999]) is misplaced. The results of the cited cases are driven by different policy considerations and are not dis-positive of what constitutes a valid information within the meaning of CPL 100.40 (1) for purposes of CPL 30.30 (1) (b), when charging converted and defective counts in the same accusatory instrument.
In the final analysis, when as here, some but not all of the counts in an accusatory instrument are ripe for prosecution, and the 90th day draws near, the prosecutor needs only to reshape the instrument and remove the defective counts. The prosecution is then free to announce its readiness for trial. Given the statutory strictures of what constitutes a valid information, requiring the removal of defective counts prior to the instrument being deemed an information is “a small price to pay for upholding the logic of the statutory framework.” (See, People v Alejandro, 70 NY2d 133, 140 [1987, Bellacosa, J., concurring].)
McCooe, J. P., and Davis, J., concur; Suarez, J., concurs in a separate memorandum.